Judge Marshall
delivered the opinion of the Court.
This was an indictment for retailing spirituous liquors and keeping a tippling house, without a license to keep a tavern, in the county of Mercer. The case was submitted to the Court upon a statement of agreed facts, from which it appears that the facts charged, were committed in a house in the town of Salvisa, after the defendant had obtained a license from the trustees of the- said town, and after he had upon producing the same to the clerk of the Mercer County Court, obtained from him a license, to keep a coffee house, for which he paid ten dollars, and that after obtaining these licenses he proceeded to sell spirituous liquors, as is usual in coffee houses, in his house, kept as a coffee *362 house, and which had all the requisites of a coffee house. On these facts, the Court being of the opinion that the law was for the defendant, dismissed the indictment. And the sole question now to be decided, is whether the license from the trustees of Salvisa, and that from the clerk of the Mercer County Court, protected the defendant from the penalties denounced by statute, against the keepers of tippling houses, and the retailers of spirituous liquors.
The general laws for regnlnling towns in Kentucky, gives no anlhovily to the utislees of towns, lo license the retailing of spirituous liquors.
It is not, and cannot be contended that either the trustees of the town, or the clerk of the county, have any authority to license the retailing of spirituous liquors, except so far as the same is conferred upon them by statute. Nor is it suggested that the license from the clerk was of any avail, unless that on which it was founded, viz: the license from the trustees, was authorized by law. The acts of assembly relating specially to the town of Salvisa, give no authority to its trustees to grant such license, nor do we find that any general act for the regulation of towns gives an authority of this kind to the trustees of towns generally. We do find, however, that in various instances the Legislature has conferred this power upon the trustees or other local authorities of particular towns and cities. And by the 12th section of an act of 1849 (Sess. acts 47,) entitled an act to increase'the revenue, it is enact-éd “ that each and every keeper of a coffee house, or other person who shall be licensed by any city or town authority to retaiTorsell spirituous liquors, shall pay a tax of ten dollars to the clerk of the County Court of the county of his residence, who shall account for and pay over, the same as he is required by law to account for and pay over tax on tavern license, &c., &c., and any coffee house keeper or other person who shall sell or retail spirituous liquors without having paid such tax, is subjected to all the penalties imposed upon persons who sell or retail spirituous liquors without license, it is under the foregoing provisions of the act of 1849, that'authority is claimed fori the trustees of *363 the town of Salvisa, and of course for the trustees of all other towns, to license the selling or retailing of spirituous liquors. And no other act is referred to as giving the authority claimed. The correctness of the judgment before us depends therefore exclusively upon the construction to be given to this twelfth section.
The I2tb section of the acts of 1849, {sess. ads 47,) has application alone to the cities and towns, which at the passage of that act, had authority to grant license to retail spirits. That act gave no new authority to trustees of towns or cities, to grant such license.
If prior to the passage of the act of 1849, no city or town had been empowered to license the selling or retailing of liquors, there might be reasonable ground for. contending that by the 12lh section of the act all cities and towns in the Commonwealth were so empowered. For although there is no direct grant of such power, yet as without the existence of such power in some cities or towns, the whole section would be inoperative and futile, because the subject to which it refers and which it professes to regulate has no existence, and as the Legislature might create or authorize the practice which is expressly regulated and made a source of revenue to the State, it might, and perhaps should be implied that it was intended, though indirectly, to authorize the practice, and thus to create the subject on which the provisions of the twelfth section were to operate. In the case supposed, the 'section could have no' possible operation without supposing or implying a power to license in some towns or cities ; and there being no discrimination made, if the power is implied in some, it must be equally implied in all.
But as several of the towns, and perhaps all of the cities in the Commonwealth, had been expressly authorized to grant license for selling or retailing, there was ample subject for the operation of the 12th section, and no necessity for implying a grant of power ■ to any’ town or city. The words of the section are satisfied by referring them to the existing power in the authorities of the several towns and cities to which it had been or might afterwards be granted. There is nothing in the 12th or any other section of the act, nor in its general scope or object, importing the grant of a new-power to any town or city. And as such a grant *364 could only be implied by a forced construction, to be justified only by a necessity which does not exist, and as t^e ¡jnplication by remote inference only of a grant of power on this particular subject, would make this act a departure from the general course of legislation on the subject both of towns and of the retailing of liquors, as to each of which it has generally been cautious and explicit, we do not feel authorized to decide that the Legislature intended by the mere reference to an authority in towns and cities, which may be satisfied by the authorit}'' then existing and afterwards to be conferred, to extend that or a similar authority to all towns.

Harlan, Attorney General, for Commonwealth.

The defendant and the clerk of the County Court and the trustees of Salvisa, have all no doubt acted under the supposition that the trustees had authority to license the retailing of liquors, and a contrary conclusion by this Court may subject the defendant, who has paid his money to the town and the State for his license, to penalties for an offence when he thought he was complying with the law. But however these considerations may operate on the question of enforcing •the penalties, should any be^adjudged against the defendant, or whatever right they may give him to have his money paid back, they can have no possible influence upon the construction of a general statute. Nor can a mistake of the law furnish a legal excuse for an offence denouneed by the law.
Wherefore, as upon the agreed facts the defendant was guilty of the offence charged, the judgment is reversed and the cause remanded for a new trial.