## MARTIN MAYHER v. CITY OF LEXINGTON.

[Abstract Kentucky Law Reporter, Vol. 1—68.
Reported in full, 8 Ky. L. 138.]

**Validity of City Ordinance.**

> The power to pass an ordinance to license and exact an annual tax from venders of milk using a milk wagon or other vehicle for delivering their milk to customers in a city must be derived from a direct legislative grant; and the city of Lexington, not having received such a grant, has no power to pass such an ordinance.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 3, 1880.

OPINION BY JUDGE HINES:

The only question presented on this appeal is whether the following ordinance of the city of Lexington is valid:

"That venders of milk who use a milk-wagon or other vehicle for delivering their milk to their purchasing customers in the city of Lexington shall pay in advance to the treasurer an annual tax of $10 for each wagon or other vehicle so used."

There is no brief for appellee, but, from an inspection of the char-

ter approved February 16, 1867, it appears that if there is power to pass such an ordinance it must be found in Sections 16, 18 or 55. Section 16 applies only to licenses to certain business houses, and Section 18 to licenses for vehicles used or run for hire. Appellant does not appear to come under either of these heads. The license required of him by the court below is not for transacting any business specified in Section 16; nor is the vehicle used by appellant used for hire so as to be covered by Section 18. Section 55 is, in effect, what is usually denominated the "general welfare clause," and clearly does not confer power on the city council to pass such an ordinance. The power to pass such an ordinance must come from a direct grant. *Cooley on Taxation,* 408; *Kniper v. City of Louisville,* 7 Bush 599; *Commonwealth v. Voorhies,* 12 B. Mon. 361; *Dillon on Municipal Corporations,* Secs. 250 and 605.

Judgment *reversed* and cause remanded with directions for further proceedings.

*Houston & Mulligan, for appellant. T. N. Allen, for appellees.*