95  231
98  180

CASE 38—APPEAL TO CIRCUIT COURT—JANUARY 13.

# Evans v. Commonwealth.

APPEAL FROM LAWRENCE CIRCUIT COURT.

1. APPLICATION FOR DRUGGIST'S LICENSE WITH PRIVILEGE OF SELLING
   LIQUOR.—The statute which requires notice of an application to sell
   liquor by retail to be posted for ten days at the court house and four
   other places, does not apply to an application for druggist's license
   with privilege to sell liquors.

2. SAME.—As appellant, upon a motion by him before the county judge
   for a druggist's license with privilege to sell liquors, testified that he
   had sold spirituous liquors in violation of law since the present reve-
   nue law went into effect; that he could not tell the number of times
   that he had done so, and that during the fourteen years he had been
   in business he or his clerk had been indicted at nearly every court for
   the illegal sale of liquor, the court properly refused a license, it being
   easily inferable that the applicant was not a druggist in good faith,
   but had assumed the name or business for the purpose of retailing
   liquors.

3. SAME.—When the applicant for such a license has, within six months
   next preceding the application, been selling without the license, the
   statute makes it the duty of the judge to refuse the license, unless the
   applicant will, in addition to the regular license tax, pay a sum equal
   to 20 per cent thereof.

ALEXANDER LACKEY FOR APPELLANT.

The appellant being a druggist and having given the notice required by
    law, the county court had no right to refuse to grant him license to
    retail spirituous and vinous liquors.   The fact that he had been in-
    dicted for selling liquors did not show that he had assumed the busi-
    ness of a druggist for the purpose of retailing liquors.   (Act Novem-
    ber 11, 1892, chap. 193, Acts 1891-2-3, pp. 337, 341, 343.)

WM. J. HENDRICK, ATTORNEY-GENERAL, AND R. T. BURNS FOR
    APPELLEE.

Appellant did not comply with the law in that the required number of
    notices was not posted, and besides, the notice was too vague and
    uncertain.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The ·appellant, by motion before the county judge of his county, and after posting for ten days the notice of the application required of persons who desire to sell spirituous, vinous and malt liquors by retail, sought to obtain a druggist's license with privilege to sell liquors as provided by law. His application was refused, and the only argument used by the counsel representing the appellees in the court below is, that the notice of the application was posted at only four places instead of five, as required by law., A casual examination of the statute will show that this notice posted at the court house door and at four other places for ten days is intended to apply only to retail dealers of spirituous, vinous and malt liquors, and not to druggists, as such, who may sell by the quart under certain restrictions and on the prescription of a physician, so that if this were the only reason for refusing the license the applicant's motion should have prevailed. But, on the trial of the motion, the appellant testified that he had sold spirituous liquors in violation of law since November 11, 1892—the date of the passage of the new revenue law, and that he could not tell the number of times he had done so ; that he was in the store but little and his clerk attended to the business; that he had been in business fourteen years, and that at nearly every court since he began business he or his employe had been indicted for the illegal sale of liquors.

From the proof it is easily inferable that the applicant was engaged in the business of unlawfully retailing liquors, and that he was not a druggist in good faith, and had assumed the name or business for the purpose of retailing liquors. Upon such a state of case the court

properly refused the application. (Acts 1891–2–3, chapter 103, article 10, subdivision 2, section 16; The Kentucky Statutes, section 4205.)

Moreover, section 3 of the same article of chapter 103 of the Acts 1891–2–3 (section 4193 of The Kentucky Statutes) provides that no person shall be granted such a license who has been engaged in a business requiring it and has been selling without the license within six months next preceding his application for license, "who will not, in addition to the regular license tax, pay a sum equal to twenty per cent thereof." The applicant made no offer to pay this sum or penalty, and could not do so, because he had violated the law so many times he could not tell the amount due under the section named.

The judgment is affirmed.