CASE 32—APPEAL TO CIRCUIT COURT—OCTOBER 18.

# Commonwealth v. Hawkins.

APPEAL FROM GRAYSON CIRCUIT COURT.

1. APPLICATION FOR LICENSE TO SELL LIQUOR.—The provisions of section 4203 of the Kentucky Statutes requiring notice of an application for license to sell liquor applies to applications by merchants, druggists or distillers, under section 4205, as well as to applications by other persons, and the case of Evans v. Commonwealth, 95 Ky., 231, was not intended to hold otherwise.

2. SALE OF LIQUOR BY DRUGGISTS.—By the provisions of section 4205 a druggist in his business as such may sell "in quantities less than a quart for medicinal purposes on the prescription of a regular practicing physician," and this he may do without a license and free from any of the requirements or provisions of section 4203.

JAMES S. WORTHAM AND G. W. STONE FOR APPELLANT.

A distiller is a retail liquor dealer within the meaning of section 4203 of the Kentucky Statutes, and must give notice of his application for license as prescribed by that section.

The reasons for exempting druggists from the operation of that section do not apply to distillers. (Evans v. Commonwealth, 95 Ky., 231; Ky. Stats., secs. 4224, 978, 1058.)

Z. T. PROCTOR OF COUNSEL ON SAME SIDE.

J. H. RICE FOR APPELLEE.

The provisions of section 4203 of the Kentucky Statutes as to notice and protest do not apply to applications by distillers for license under section 4205 of the Kentucky Statutes. (Evans v. Commonwealth, 95 Ky., 231.)

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

Upon an application by appellee to the county court of Grayson county for license permitting him as a distiller to sell spirituous liquors at his residence near the town of Leitchfield, in that county, a protest from divers citizens of the school district in which said residence is located was presented and objection made to the granting of the license. After hearing the evidence on the application, the county court adjudged that the protest filed was not authorized by law and refused to consider the same, or any protest whatever, or to define the boundary of the neighborhood, and ordered that the license be granted upon payment of the tax required by law.

An appeal being prosecuted from this judgment to the circuit court of the county, and the case having been heard there upon the record and bill of exceptions, the appeal was dismissed by that court, to which order the Commonwealth at the time excepted and prayed an appeal to this court.

The only question we are asked to consider on this appeal is whether or not, upon an application of this kind, for license as a distiller to sell spirituous liquors in quantities not less than a quart, the ten days notice provided by section

4203 of the Kentucky Statutes must be given, and whether, if the majority of the legal voters of the neighborhood shall protest against the application, the same should be refused, as further provided by that section of the statutes.

Upon an examination of the statutory law on this subject we find it is provided by section 4199 of the Kentucky Statutes that "selling, bartering or loaning liquors in quantities of less than five gallons shall be deemed retailing."

By section 4023 of the same statute it is provided that "licenses to sell, by retail, spirituous, vinous or malt liquors, shall be granted by the county court; but the county court shall not grant a license to sell spirituous, vinous or malt liquors until ten days' notice shall be given by posting a written or printed notice at the door of the courthouse and at least at four public places in the neighborhood where the liquor is to be sold; and if the majority of the legal voters in the neighborhood shall protest against the application it shall be refused. The county court in each instance shall determine what constitutes the neighborhood," etc.

And then, after providing in section 4204 that it shall be unlawful for any person to whom a license is granted to suffer gaming on his premises or to sell liquor to one who is drunk, or a known inebriate, or a minor, or to sell on Sunday or on any day on which the sale thereof may be prohibited by law, we find in section 4205 of the Statutes the following provisions, to-wit: "License to merchants, druggists or distillers shall be granted only upon satisfactory evidence that the applicant is, in good faith, a merchant, druggist or distiller, and that the applicant has not assumed the name or the business for the purpose of retailing liquors; and such license shall only authorize the person to sell the liquor named in the license in quantities not less than a quart, and

to be taken off and not drunk on the premises where sold, or adjacent thereto, except druggists may retail in quantities less than a quart for medicinal purposes only, on the prescription of a regular practicing physician."

These seem to be the only statutory provisions that need be considered, and the question is whether or not the persons named in section 4205—that is, merchants, druggists and distillers—are embraced by and subject to the provisions and the requirements of section 4203. The most careful reading of the language of this latter section fails to indicate to our minds any purpose to except or exclude from its provisions the persons included within these three classes, or either of them, or any person applying for license to sell liquor in quantities of not less than a quart. By the provisions of section 4205 a druggist, in his business as such, may sell "in quantities less than a quart, for medicinal purposes only, on the prescription of a regular practicing physician," and this he may do, in our opinion, without a license and free from any of the requirements or provisions of section 4203. But this exception in his favor is founded on the peculiar character of his business as a druggist or vender of medicines and upon the possible demands of the sick. But even when he desires the privilege of selling liquor by retail (which, as we have seen, is defined by the statute as selling in quantities of less than five gallons) in quantities not less than a quart, he also is governed by all the requirements of section 4203. The language of that section, in other words, seems to us to embrace all persons and classes of persons selling liquor by retail in quantities not less than a quart, just as it embraces all engaged in selling in less quantities, except druggists selling for medicinal purposes on prescription of a physician.

There can be no doubt that the persons named in section 4205 must obtain the license therein provided for by application to the county court, and, if so, how can they obtain it except after giving the notice and subject to the right of the voters in the neighborhood to defeat the application as provided in section 4203? That is the only section empowering the county court to grant the license; its power to grant it is made exclusive and the terms and conditions upon which it may grant it are carefully and definitely prescribed. The language is, "but the county court shall not grant a license to sell spirituous, vinous or malt liquors until ten days' notice shall be given by posting a written or printed notice at the door of the courthouse, and at least at four public places in the neighborhood where the liquor is to be sold; and if the majority of the legal voters in the neighborhood shall protest against the application it shall be refused."

These terms are so broad and so comprehensive as to include a license to any and every individual or class of individuals. It does not, in terms or by implication, except merchants or druggists or distillers. The language is, "but the county court shall not grant a license to sell, etc.," except upon the terms and subject to the conditions attached. No exception in favor of any person or class of persons has been made by the legislature, and, in the absence of any such, we are forced to the conclusion that it was intended to make the requirement of universal application.

It is insisted, however, that this court has held, in the case of Evans v. Commonwealth, 95 Ky., 231, that these requirements of section 4203 are not applicable to druggists, and, therefore, it is argued, and was probably considered by the court below in this case, that as distillers are also embraced with druggists in section 4205, which con-

tains certain special provisions as to the licenses of these two classes and of merchants, it is also to be concluded that distillers are to be exempted from the provisions of section 4203. As to the case relied on it is only necessary to say that it does not, upon a careful reading, bear the construction sought to be placed upon it.

It is said in that case that the statute referred to "is intended to apply only to retail dealers of spirituous, vinous and malt liquors and not to druggists as such." The use of these two words, "as such," clearly shows that the intention was to exempt from the operation of the statute this class of persons while engaged in their legitimate business as druggists. That business is well known as the vending and compounding of medicines, of which liquors may and often do form a constituent part, or, when furnished for medical purposes and upon the prescription of a regular practicing physician, might alone and unmixed with other ingredients be classed as medicines; and, if furnished in quantities less than a quart, would come clearly within the exemption of section 4205, and the druggist in furnishing them would do so "as such" and not as the retailer of liquors. But it is evident that the court did not mean to say or to be understood as saying in that case, that even a druggist might sell liquor by the quart or in quantities not less than a quart and still claim the exemption. Though engaged in business as a druggist, the sale could not be said to be made by him "as such," or in carrying on his legitimate business as a druggist. On the contrary, the conclusion would be that it was sold as a beverage, and that he was carrying on the business of a retailer of liquors.

The case referred to furnishes, therefore, no support for the conclusion reached by the court below, that appellee,

who applied for license to sell liquor as a distiller, was exempt from the statute requiring the notices of his application, and that the same was not subject to be defeated by the protest of a majority of the voters in the neighborhood.

The lower court, therefore, erred in rejecting and refusing to consider the protest, and in declining to fix the boundary of the neighborhood, and for the errors pointed out its judgment is reversed and the action remanded for further proceedings consistent with this opinion.