CASE 27—INDICTMENT—APRIL 15.

# Lindsay v. Commonwealth.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

1. INTOXICATING LIQUORS—SALE OF BY PHYSICIAN.—Upon the trial of an indictment for selling liquor without license, it was error to refuse to permit the defendant to show that he was a druggist, and the family physician of the person to whom the liquor was sold, and in good faith sold the liquor as an ingredient of a prescription put up by him as a medicine, at the request of such person.

HANSON KENNEDY AND CHAS. W. WOOD FOR APPELLANT.

1. Where one is a regular practicing physician and is the owner of a drug store, he has the legal right to prescribe whisky as a medicine without license to retail liquor. (Commonwealth v. Matthews, 3 Ky. Law Rep., 473.)
2. A druggist may compound his own medicine where whisky is only one of the ingredients, without license, unless he evade the law by deception or fraud. (Commonwealth v. Fowler, 17 Ky. Law Rep.)

Lindsay v. Commonwealth.

W. S. TAYLOR for appellee.

1. The appellant's own testimony shows he was not acting in good faith; he does not claim that he visited the so-called patient, or investigated her condition in any way.

JUDGE PAYNTER delivered the opinion of the court.

The defendant, Lindsay, held a license as a retail liquor dealer. He was convicted of the offense of suffering gaming on his premises, and his license adjudged forfeited.

The indictment in this case charges him with selling liquors, subsequent to the judgment forfeiting his license, to one Geo. Ockerman by the pint and half pint without a license. On the trial of the case the court excluded from the jury that part of the testimony of Ockerman tending to prove that Lindsay had been his family physician for twenty-five years; that he applied to him for medicine to relieve his wife from a severe pain in the stomach and bowels. The court also refused to allow the defendant to prove that he was a regular practicing physician, and had been for many years; that he was a druggist in good faith; that he had been Ockerman's family physician for many years; that he had often examined and prescribed for his wife; that Ockerman applied for a prescription for his wife to relieve her from a severe pain in the bowels and stomach, and that the prescription on that occasion was two ounces of syrup of ginger and fourteen ounces of whisky, and mixed the same together as a medicine and gave the same to Ockerman for his wife.

The court erred in excluding the testimony of Ockerman mentioned, and in not allowing Lindsay to prove the facts above indicated.

It was held in Commonwealth v. Hawkins, 17 Ky. Law

Rep., 744, that "by the provisions of section 4205, Kentucky Statutes, a druggist, in his business as such, may sell 'in quantities less than a quart, for medicinal purposes only, on the prescription of a regular practicing physician,' and this he may do, in our opinion, without a license and free from any requirements or provisions of section 4203."

The same interpretation of the statute was given in Commonwealth v. Fowler, 17 Ky. Law Rep., 1209. In that case it was said: "Besides, the druggist can compound his own prescription, when whisky is only one of the ingredients, without a license, and in so doing violates no law unless in filling such prescription he is evading the law by deception or fraud in selling whisky under a fictitious prescription."

The fact that Lindsay once held a license as a retail liquor dealer did not deprive him of the right of subsequently carrying on the business of druggist and to sell liquor as a druggist for medicinal purposes in accordance with the law.

A druggist who is a regular practicing physician need not make out for himself a prescription, prescribed and filled by him as such physician and druggist for others, and preserve it as a protection from prosecution. (Common wealth v. Matthews, 3 Ky. Law Rep., 473; Boyd v. Commonwealth, manuscript opinion, January 10, 1879.)

If the defendant, in good faith, as a physician and druggist, prescribed and sold the liquor to Ockerman for his wife he did not violate the law.

Wherefore, the judgment is reversed, with directions to grant the defendant a new trial and for further proceedings consistent with this opinion.