CASE 76—INDICTMENT FOR MISDEMEANOR—FEB. 9.

# Storms v. Commonwealth.

APPEAL FROM GARRARD CIRCUIT COURT.

1. DRUGGISTS SELLING WHISKY WITHOUT LICENSE.—In an indictment under Sec. 4224 of Kentucky Statutes, it is no defense that the defendant who sold the whisky was a druggist and that the sale was made upon a prescription of a regular practicing physician.

2. SAME.—The defendant having applied for a license to sell whisky and the same having been granted him by the county court, without the payment of the license fee by him, he was protected by the license thus issued. In such a case the clerk having issued the license would seem to be responsible for whatever amount he ought to have collected and the licensee would owe him that sum.

M. D. HUGHES AND WILLIAM HERNDON, FOR THE APPELLANT.

1. The appellant had the right to sell the liquor, as he sold it, without any license. It was a right pertaining to the business of a registered pharmacist. The county court had issued to him as a druggist a license to sell spirituous, vinous and malt liquors. Com. v. Hawkins, 17 Ky. Law Rep., 743; Com. v. Fowler, 96 Ky., 166; Lindsay v. Com., 18 Ky. Law Rep., 49.

2. The appellant was protected by the license which had been issued to him. Com. v. Kelly, 10 Ky. Law Rep., 721; Com. v. Button, Idem, 815; Com. v. Warren, Idem, 490; Com. v. Green, 80 Ky., 178.

   Additional citations: Ky. Stats., Secs. 1304, 4201, 4205, 4224, 2557, 2558; Druggist Act, Genl. Stats., 502—Act of May 5, 1880; Act of May 8, 1884; Young v. Com., 14 Bush, 161; Com. v. Anderson, 10 Ky. Law Rep., 307.

W. S. TAYLOR, ATTORNEY-GENERAL, FOR THE APPELLEE.

The local option act in force in Garrard county did not apply to druggists. Appellee's liability is therefore to be tested as if the

local option law were not in force in that county. Under the Statutes, secs. 2558, 4201, 4203, 4205, 4224, 4225 (Ky. Stats.), and the ruling of this court in the Fowler cases (96 Ky., 166, and 17 Ky. Law Rep., 1209), the appellant was liable for the penalty imposed.

M. D. HUGHES AND WILLIAM HERNDON, FOR THE APPELLANT IN A PETITION FOR A REHEARING.

Additional citation: Lafferty v. Huffman, 99 Ky., 80.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The indictment in this case charges that appellant "did unlawfully sell at retail spirituous and vinous liquors to W. Y. West, without having obtained and procured a license therefor, and paid the tax thereon, as required by law;" and the agreed facts on which the case was tried by the court, and judgment rendered against appellant, are substantially as follows: At the date of the sale charged in the indictment the defendant was a registered pharmacist and druggist, in good faith, in the town of Lancaster, a town of the fifth class, in Garrard County, and that for some years prior thereto he had continuously been such druggist, and that within one year next before the finding of the indictment he had procured from the Garrard County Court a license to sell spirituous, vinous, and malt liquors, for which he had been required to pay nothing, except the clerk's fees for issuing same; that, on the day charged in the indictment, appellant, on the prescription of a regular, practicing physician, sold to West one pint of whisky, unmixed and untinctured with any drug or other thing, and whisky is recognized by the medical profession as a medicine; that theretofore, at an election held for that purpose, the legal voters of the district including the town had voted against the sale of liquors, and this fact had been

duly certified for record, and recorded in the proper office.

At the outset it is proper to say that, in our opinion, the vote putting in force the local option law does not affect the question here involved. That law specifically exempts druggists from its operation, unless the petition for the vote and the notice and order of election shall include druggists. This was not done here, and the law does not apply, according to its language. It is to be noticed, however, that it does affect the quantity and manner in which druggists may sell.

The indictment was evidently drawn under the following provisions of the Kentucky Statutes: "Section 4224. Before engaging in any occupation, or selling any article named in this section and section 4225 of this article, the person desiring to do so shall procure a license and pay the tax thereon, as follows: . . . To persons who are druggists in good faith, to retail spirituous and vinous liquors at the drug-store in quantities not less than a quart, the liquor not to be drunk on the premises or adjacent thereto, and to sell in quantities less than a quart, for medicinal purposes only, on the prescription of a regular practicing physician, fifty dollars." It is the contention of the State that before the appellant could, as a druggist, retail whisky at his drug store in quantities not less than a quart, or in less quantities for medicinal purposes and on the prescription of a physician, he must procure a license so to do, and pay therefor the sum of $50; that the plain letter of the law is that he "shall procure a license and pay the tax thereon;" that his duty is to know the law, and to know that the procurement of the license is not all the law requires,—the tax thereon must be paid. It is claimed for the appellant that his license was granted to him under the provisions of the act

of May 5, 1880 (General Statutes p, 502, section 1), where
it was provided that in localities where the sale of spirit-
uous, vinous, and malt liquors was prohibited, neverthe-
less a druggist might procure a license to sell, etc.   We
think it manifest, however, that this law has been sup-
planted by the present statutes.   The law now provides
that the vote is not to apply to the druggist, unless on
the conditions we have already named.   If the petition,
notice, and order do not include him, he needs no license
so far as the local option law is concerned; and, if these
do include him, there is still no provision in this law
for his obtaining a license.

We think the contention of the Commonwealth is
fully sustained by the case of Com. v. Fowler, 96
Ky., 166 [28 S. W., 786], and Same v. Same, 17
Ky. Law Rep., 1209 [34 S. W., 21], where the sections of
the statute now involved were elaborately considered, and
their validity upheld.   In Com. v. Hawkins, 17 Ky. Law
Rep., 743 [32 S. W., 409]—a case relied on by appellant—
the sole question before the court was whether the druggist
was required, under the provisions of section 4203, Ken-
tucky Statutes, to give notice of his application for a li-
cense.   The court decided that such notice was necessary,
but used in the decision of that question this language:
"By the provisions of section 4205, a druggist, in his busi-
ness *as such*, may sell in quantities less than a quart for
medicinal purposes only, on the prescription of a regular,
practicing physician; and this he may do, in our opinion,
without a license, and free from any of the require-
ments or provisions of section 4203."   If this expression is
to be construed as authorizing druggists to sell, without a
license, whisky unmixed with other ingredients of a pre-
scription, it is not the law, and is overruled.   At most, how-

ever, it seems to be the expression of the writer's opinion only on a point not involved in the case. It is true, the expression was quoted in the later case of Lindsay v. Commonwealth, 18 Ky. Law Rep., 49 [35 S. W., 269], but its application there was to quite a different state of facts. The whisky sold was by a physician and druggist, and constituted merely one ingredient in a prescription, in which respect the case was similar to the condition suggested in the second Fowler case. It is sufficient to say of these cases, when whisky was used as only one ingredient of a prescription, that no such case is now before us; and, whatever construction may be put on the language used in those cases, it can have no bearing here.

It appears, however, that the appellant, in good faith, desired to pay for his druggist's license whatever the law required him to pay, and submitted that question to the county court, whose duty it was to grant, and who did grant, the license. The amount he ought to have paid was declined, although, in effect, tendered. We have therefore reached the conclusion that the appellant's license, although not paid for, ought to protect him. The clerk, having issued it, would seem to be responsible for the amount he ought to have collected, and the licensee would owe that sum to him.

The judgment is therefore reversed, with directions to dismiss the indictment.