JUDGE LINDSAY
delivered the opinion of the court
On the 23d of July, 1870, tbe General Council of the city of Louisville adopted an ordinance defining what class of persons and corporations carrying on business within the city limits should be deemed brewers, and requiring all such *601 manufacturers to obtain a license from the city. The amount to be charged each person for said license is “ one tenth of one per cent, on the amount of liquor manufactured,” provided that each brewer shall be required to pay at least fifteen dollars per annum; and further enacting that any one carrying on such business without first obtaining this license shall be fined not less than twenty nor more than fifty dollars.
The appellant Kniper was proceeded against for a violation of this ordinance, and upon trial in the city court was fined the sum of fifty dollars. To reverse this judgment he has, under a provision of the city charter, prosecuted an appeal directly to this court.
It is claimed that the General Council had power to adopt this ordinance under the provisions of the 96th section of the city charter, which provides that “ the General Council shall, by ordinance, provide for the following licenses, to be paid into the sinking fund, with adequate penalties for doing business without the required license;” among others, “for each brewer or distiller, not less than fifty nor more than five hundred dollars;” and concluding by authorizing said council to grade, class, and fix the rate of license within the minimum and maximum amounts designated.
The right of the legislature to delegate to the city government of Louisville this power we do not regard as an open question. Such right has been frequently discussed and recognized by this court, and while statutes conferring such powers upon cities and towns keep within revenue purposes they are beyond the control of the courts. (Mason v. Trustees of Lancaster, 4 (Bush, 406.) Nor do we think there is anything in the 118th section of the city charter limiting or abridging the authority delegated to the city government by section 96. By section 118 it is provided that the tools of the manufacturer shall not be taxed, nor shall he be required to take out a license to sell the products manufactured by him. He may *602 be required under one section to procure a license authorizing him to manufacture for the purpose of selling, but the other protects him from being also compelled to pay for the privilege of selling. But there is an objection to the ordinance which to us seems insuperable. The General Council did not follow the authority delegated. It has the right to grade and class and fix the rate of license, but in doing so is required to keep within the minimum and maximum fixed by the legislature. The right to require from the larger manufacturers an annual sum in the shape of license exceeding fifty dollars is made to depend upon the fact that all other persons in the city following the same business or craft are required to pay annually at least the sum of fifty dollars. The plan adopted to grade and class the amounts to be exacted from each brewer may be, and doubtless is, equitable and just, but it ean readily be perceived that, if adhered to in all cases, the minimum and maximum fixed by the legislature must of necessity be wholly disregarded. Possibly, if the ordinance did not upon its face forbid such a construction, the courts would, rather than declare. it absolutely void, hold that it and the statute should be construed together, and that it was intended by the council that the latter should so far qualify the former as to confine the application of the rule adopted for grading the amount to be exacted ■ for licenses to such cases as fell between the minimum and maximum amounts fixed by the city chai*ter. But the difficulty with which we are met is, that the ordinance upon its face expressly recognizes the fact that it is to be so applied as, in some oases, to reduce the annual charge upon certain classes of brewers as low as fifteen dollars, and such recognition by necessary implication authorizes, or rather directs, the city officials to issue licenses in proper cases for that amount. Although it may not be absolutely unjust to the larger manufacturers to permit other persons, doing business ón a smaller scale, to escape the payment of the full amount required by *603 law to be exacted, yet inasmuch as the legislature deemed it proper to make the right of the city to impose this charge upon any class of brewers depend upon the fact that all such manufacturers should be compelled to pay at least fifty dollars each year, the disregard of this material limitation upon the power of the city takes away from its ordinance its legal vitality, and converts what would otherwise be a legal assessment and collection of city revenue into a spoliation of the citizen, sanctified by the form hut inhibited by the spirit of the law. “In regard to the ordinances of municipal corporations and the exercise of their delegated sovereignty the doctrine is ... . that the authority conferred upon these subordinate bodies is to be strictly construed, and must be closely pursued.” (Sedgwick on Stat. and Con. Law, 466.)
In the language of the New York Court of Appeals, “the ordinance of a municipal corporation must conform strictly to the provisions of the statute giving power to pass the ordinance in question, or its proceedings will be void.”
The ordinance under which this prosecution was had can not be said either to pursue or to conform strictly to the provisions of the city charter, however liberally that instrument may be construed. Upon the contrary, upon its face, in clear and unequivocal terms, it ignores a limitation plainly imposed upon the exercise by the city of the “ delegated sovereignty ” under which it derives all its authority to act at all in the premises.
From these facts it follows that the ordinance imposing the annual charge upon Kniper (whatever amount it may be under the rule prescribed) is unauthorized and void. Hence he can not be punished for refusing to pay such charge.
The judgment against him is therefore reversed, and the cause remanded with instructions to the city court to dismiss the proceeding.