CASE 103—INDICTMENT—FEBRUARY 6.

# Commonwealth v. Fowler.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

1. DRUGGISTS' LICENSE TO SELL LIQUOR.—The statute requiring of druggists a license fee of fifty dollars for the privilege of retailing spirituous and vinous liquors is a valid exercise by the State of the police power. In view of the cost of prosecutions for the many violations of such a statute it can not be said that the license fee is too high.

2. SAME.—The license is not required to authorize the druggist in good faith to fill the prescription of the physician, or his own prescription, where spirituous or vinous liquor is merely one of the ingredients.

3. SAME.—Under the license the druggist may sell in quantities not less than a quart without the prescription of a physician. but where he retails in quantities less than a quart it must be for medicinal purposes only and on the prescription of a regular practicing physician.

WM. J. HENDRICK AND W. S. TAYLOR FOR APPELLANT.

1. The statute in question is wholly a revenue statute and as such is in contravention of section 181 of the constitution. (Fowler v. Commonwealth, 96 Ky., 166.)

2. The opinion of the Court of Appeals upon the former appeal must remain the law of this case, at least so far as the appellee is concerned. (Davis v. McCorkill, 14 Bush, 746; Williams v. Rogers, 14 Bush, 781; Jones v. Commercial Bank, 78 Ky., 424.)

PHELPS & THUM FOR APPELLEE.

Brief withdrawn.

CHIEF-JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This case has been heretofore in this court and is reported in 96 Ky., 166.

The question involved was as to the validity of a statute imposing a license tax of fifty dollars upon druggists who sell by retail spirituous or vinous liquors.

It was held that the imposition of the license was a proper exercise of the police power of the State, and the judgment reversed that the penalty might be imposed.

The case went back to the lower court, and it seems the court permitted additional testimony in support of the defense to the indictment, showing by a number of druggists in the city of Louisville and county of Jefferson, that this tax or rather license fee amounted to a prohibition to sell whisky by druggists, and was, in fact, not a police regulation, but a means of raising revenue by taxing the article of whisky in addition to the tax on the occupation or calling of the druggists, and the tax for State and city purposes, amounting to double taxation, and, therefore, the act was inoperative and invalid.

This court held, in the former opinion, that it was not a revenue statute, but simply the exercise of the ordinary police power of the State; and if the license fee imposed is such as to preclude the druggists of Louisville from filling their prescriptions, and, to that extent, destroying their business. it might be regarded as an arbitrary exercise of power.

The many violations of law by those who sell whisky under the pretense of being druggists, and who are continually corrupting public morals, and by their practices disturbing the good order and peace of society, required that some restraint should be placed upon this character of business, and, although the druggist who acts in good faith is affected by this regulation, it affords no argument against the validity of the statute. And when it must be conceded that the expenditure by the State in the prosecution of of- fenses that result from the many violations of this statute. and that existed prior to its adoption, must enter into the cost of regulation, it can not be said the license fee is too high. The cases where license fees have been imposed and

held to be revenue statutes, referred to by counsel, are mostly cases where the calling or business was harmless in itself and no evil resulting from its exercise. It was a mere license on the business and not a police regulation, but if so, experience teaches, as well as observation, that many, termed druggists, throughout the State, are ready and anxious to pay this license fee, more, doubtless, to enable them to sell intoxicating liquors than to fill the prescriptions of regular physicians, and it will scarcely be contended that the statute must be held invalid as to the present appellee, or as to the city of Louisville, and valid elsewhere. The druggist in good faith, such as the appellee, may not see the necessity of restraint upon the conduct of this branch of his business, and, while a hardship in the individual case, the statute should be enforced. Besides, the druggist can compound his medicines, fill the prescription of the physician, or his own prescription, where whisky is only one of the ingredients, without this license, and in so doing violates no law, unless, in filling such prescription, he is evading the law by deception or fraud in selling whisky under a fictitious prescription.

When, however, the druggist desires to sell liquor, not as an ingredient of any other compound or medicine, he must obtain this license. Under the license he may sell in quantities not less than a quart without the prescription of a physician, *but where he retails in quantities less than a quart it must be for medicinal purposes only, and on the prescription of a regular practicing physician.* (Section 4205, Kentucky Statutes.)

The statute is neither a prohibitory nor a revenue statute. If so, every licensed saloon, when made to pay ten times the amount of the license fee in this case, could readily show that it was a revenue statute. The cost of issuing the li-

cense and the fees connected with it would not exceed ten dollars, but this, as has already been intimated, is but a fragment of the cost necessary to maintain such police regulations.

Judgment reversed and cause remanded that the penalty may be enforced.

To a petition for rehearing filed by counsel for appellee the court delivered the following response, February 12, 1896:

We understand the object of the petition is to have this court determine whether or not the opinion rendered is the law of the case.

The opinion, it is said in the petition, uses the following language: "Besides, the druggist can compound his medicines, fill prescriptions of the physician, or his own prescription, where whisky is only one of the ingredients, without this license, and in so doing violates no law, unless, in filling such prescription, he is evading the law by deception or fraud in selling whisky under a fictitious prescription."

Now counsel say: "If this were the law, this controversy, as contained in this record, would never have arisen." We do not well see how this court can make the decision of the question plainer, and must, therefore, overrule the petition. (Commonwealth v. Hawkins, *ante*, 176; Sarrls v. Commonwealth, 83 Ky., 327.)