CASE 63—SPECIAL PROCEEDING—JUNE 4.

# Hall v. Commonwealth, Use, &c.

APPEAL FROM SHELBY CIRCUIT COURT.

1. CONSTITUTIONAL LAW—VALIDITY OF ORDINANCE.—The provisions of section 3490, of the Kentucky Statutes, (being a part of the charter of cities of the fourth class), that the board of council in such cities shall have power within such cities to pass ordinances imposing and collecting license fees and taxes on all franchises, trades, and professions, is expressly authorized by the provision of section 181, of the Constitution, that the General Assembly may by general laws delegate the power to

Hall v. Commonwealth, Use, &c.

counties, towns, cities, and other municipal corporations, to provide for the payment of license fees on all trades, occupations and professions; and the validity of such an ordinance can not be assailed merely because it may be considered unreasonable, or as working a hardship in particular cases, or as oppressive upon persons conducting a small business.

G. G. GILBERT AND J. C. BECKHAM & SON FOR APPELLANT.

L. C. WILLIS FOR APPELLEES.

(Record and briefs not in the office.)

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This prosecution was commenced before the police judge of the city of Shelbyville, for a violation of an ordinance of the city which requires all persons engaged, regularly, in selling and delivering milk to pay a license of $10 per annum, being section 168 of the ordinances of the city.

Shelbyville is a city of the fourth class, and by section 3490, sub-section 1, of the Kentucky Statutes, it is provided that "the board of council in ities of the fourth class shall have power within the city tc pass ordinances not in conflict with the Constitution and laws of this State, or of the United States, and to impose and collect license fees and taxes on stock used for breeding purposes, and on all franchises, trades and professions." The authority for this act of the Legislature is expressly given in section 181 of the Constitution, which provides that the General Assembly may, by general laws, delegate the power to counties, towns, cities, and other municipal corporations to provide for the payment of license fees on all trades, occupations and professions.

The appellant was summoned to appear before the police

court of Shelbyville, and, upon trial, was found guilty and fined $5 for violating the ordinance above referred to.

Section 3519 of the Kentucky Statutes provides that "appeals shall be from the judgment of said court (that is, the city court) to the Circuit Court of the county in all cases where the fine is more than $20. In cases where fines of $20 or less are imposed or authorized under ordinances, the legality of such ordinance may be tested by either party by an appeal to the Circuit Court of the county. When any judgment shall be rendered, from the Circuit Court of the county, as provided for in this section, either the city or the accused may appeal to the Superior Court or the Court of Appeals."

By virtue of this statute appellant carried this case to the Circuit Court of Shelby county. The Circuit Court held the ordinance valid, and granted an appeal to this court.

It seems to us that the only question that can be considered on this appeal is the legality of this ordinance. We can not inquire into the facts or circumstances connected with the alleged offense, the amount of the fine being only $5, as we think the intention of the Legislature in granting appeals in such cases was for the sole purpose of allowing appellants to test the validity of the ordinances of which they complained or under which they were convicted. The facts in this case show that appellant carried on the business of selling milk only to an extremely limited extent, disposing of the surplus product of only two cows, and the gross sales aggregating not more than $20 or $25 a year.

It is contended that the ordinance is unreasonable and oppressive, and the punishment for its violation unneces-

sarily severe, and that it is for this reason illegal and void. The penal ordinance reads: "Any person who shall engage in any business mentioned in the divisions of this ordinance (of which that against selling milk is one) before procuring the license and paying the tax thereon as required herein, shall be fined not less than $5 nor more than $25 for each offense."

The Legislature has, in express terms, pursuant to the provisions of the Constitution, conferred upon the municipal corporation the power to pass this ordinance, and we take it to be a well settled rule that an ordinance can not be assailed as invalid merely because it may be considered as unreasonable, or as working a hardship in particular cases, or as oppressive upon individuals conducting a small business  In other words, what the Legislature distinctly says may be done, can not be set aside by the courts because they deem it unreasonable.   This is the rule as stated by Judge Dillon in his work on Municipal Corporations, section 328, and is sustained by the common law.

The requirement of any license   or   the   enforcement   of any regulation upon business is, to some extent, restrictive of trade, but it does not, therefore, follow that such requirement or regulation is illegal or oppressive; but if it is oppressive the remedy lies with the Legislature or the common council.   (See the case of the Presbyterian Church v. The City of New York, 5 Cowen, 540.)   The council in fixing the sum which should be required for a license has to do so with a view to regulating business generally.   It would be difficult, if not impossible, to fix any license tax which

(25)

would fall with perfect equality upon all persons engaged in the same occupation.

The power to act in cases of this sort being conferred by the Legislature, the amount of the tax is necessarily left to the judgment and discretion of the city council. They pass both upon the expediency and reasonableness of the amount fixed by their ordinances. In the light of these provisions of the Constitution and the statute, we think the ordinance was valid; and, as said before, this court has no power to review the facts of the case.

Wherefore, the judgment is affirmed.