CASE 65—WRIT OF PROHIBITION—JANUARY 31.

# Bitzer v. Thompson, Judge, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—LICENSE TO CLAIM-
BUYERS.—An ordinance of a municipality requiring the payment
of a license fee as a condition precedent to the right to buy
claims against the city is unconstitutional and void.

LANE & BURNETT FOR THE APPELLANT.

C. A. WILSON, AND HENRY L. STONE, FOR THE APPELLEE.

(No briefs in the record.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The complaint of the plaintiff in this action is that the
city of Louisville, by an ordinance passed 1st of April,
1896, ordained that every person, firm, or corporation who
bought claims should annually pay a license of $150 per
year into the Sinking Fund of the city of Louisville for the
purpose of said Sinking Fund, and that such sum of $150
should be paid in advance in lawful money of the United
States, and any person violating the provisions of said
ordinance should be subject to a fine of not less
than five dollars nor more than one hundred dol-
lars; that prior to the 1st of April, 1896, the
plaintiff had been engaged, and is now engaged, in buy-
ing claims against the city of Louisville, which the city
of Louisville admits that it owes, and has not paid said
claims because it has not the present means with which to
pay same; that he has heretofore bought no claims other
than those against the city of Louisville, and that, so far
as the ordinance heretofore referred to requires this plain-
tiff to pay the sinking fund an annual income of $150 in

advance, or at all, for the privilege of buying such claims against the city of Louisville, it is void.    It is also claimed that there is no such corporation or body in existence as the Commissioners of the Sinking Fund of Louisville. It is further averred in the petition that the plaintiff had been fined in the police court of Louisville for violation of said ordinance.    The appellant instituted this action under section 163 of an act approved July 1, 1893, for the government of cities of the first class, for the purpose of obtaining a writ of prohibition against the appellees prohibiting them from enforcing the collection of the fine assessed against him as aforesaid.

A demurrer was sustained to the petition, and same dismissed, and the writ of prohibition denied, and from that judgment this appeal is prosecuted.

It is insisted ably, and at great length, that there is no such corporation and institution in existence as the Commissioners of the Sinking Fund of the city of Louisville; that the provision in the said charter of cities of the first class, which it is claimed continues or creates said sinking fund, is in violation of sections 51-59 and 167 of the Constitution.    But, inasmuch as the said Sinking Fund Commissioners are not a party to this action, and it does not appear that they are insisting upon the payment of said license, nor engaged in the prosecution in the police court, we deem it unnecessary to determine whether or not there is any such institution or corporation as the Commissioners of the Sinking Fund of the city of Louisville.

We    are,    however,    of    opinion    that    the    ordinance    or    statute    which    requires    the    license    to    be    paid    as    a    condition    precedent    to    a    citizen    buying a claim or claims is unconstitutional and void.    It is doubtless true that, if a person was engaged in the general

business of brokerage, or making it his business to buy general claims, it would be competent to impose a license fee; but, according to the averments in this petition, the appellant was only purchasing claims on the city of Louisville, which were admitted by said city to be just and due, and it would seem that it would be unreasonable to impose a license tax upon a citizen who merely wanted to buy a few claims, or some of a particular class, as an investment.   It would also be injurious to the claimant, whose claim could not be paid when due, to require a tax to be paid to the same authority who owed the claim before the purchaser could be allowed to buy the same.   The tendency of such a license would be to impose a hardship upon the claimant as well as upon the purchaser, and it seems that public policy forbids the imposition of any such tax or restriction in regard to the purchase of such claim. Such license would tend to lessen the value of the claim which the city had undertaken to pay at maturity, and consequently would enable the city to derive a profit or revenue from its own laches, and would tend to lessen the number of claim buyers, and, as a consequence, cheapen the claim, and thereby wrongfully injure the credit of the city.

For the reasons indicated, the judgment appealed from is reversed, and cause remanded, for proceedings consistent herewith.