CASE 60.—ACTION BY JAMES P. KING AGAINST THE CITY
OF MT. STERLING TO TEST THE VALIDITY OF
AN ORDINANCE LICENSING THE SALE OF
LIQUORS.—October 1.

## City of Mt. Sterling v. King

Appeal from Montgomery Circuit Court.

A. W. YOUNG, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Intoxicating Liquors—License Tax—Ordinances.—An ordinance
fixing a license tax for the sale of intoxicants is not invalid
for failing to specify the purpose for which the tax is levied.

2. Municipal Corporations — Council — Special Meetings — Ordinances.—Since, except in legislation involving contract rights,
legislative bodies are independent of their predecessors, and
may amend or repeal existing laws at pleasure, and since Ky.
Stats., 1903, sec. 3502, authorizes special meetings of councils
in fourth-class cities, and councils may do anything at special
meetings they may do at regular meetings, an ordinance of
such a city, providing no ordinance or by-law shall be amended
except at a regular meeting, is invalid.

D. L. DAY and R. A. CHILES for appellant.

Our contention is:

First. That a legislative body cannot control the subsequent acts
of the same body.

Second. That section 158 of the city ordinances was repealed,
at least by implication, by the passage of this ordinance on December 26th, 1907.

Third. That it was original legislation.

Fourth. That chapter 81, section 2, of the Acts of the Legislature of 1906, did not apply to the issual of liquor licenses.

Fifth. That sections 180 and 181 of the Constitution were and
did not apply to the issual of saloon licenses, and therefore the
Constitution was not violated nor was chapter 81, section 2, of the

City of Mt. Sterling v. King.

Acts of 1906 applicable to said saloon license. That under the Constitution, sections 180 and 181, the question of saloon license was left to the legislature to regulate and by law to confer the proper authority on the respective municipal legislative bodies to regulate and restrain the same.

Sixth. That the payment of said license by the appellee, King, was voluntary.

### AUTHORITIES CITED.

Subsections 1, 27 and 35 of sec. 3490, Ky. Stats., and sec. 3502; Gorham v. Luckett, 6 B. M., 154; Mann v. Frame, 5 Dana, 535; 2d Ed. Sutherland on Statutory Const., secs. 269, 270, 271 and 247; Broaddus v. Broaddus, 10 Bush, 299; Parrish v. Ferguson, 83 Ky., 18; Patterson v. Commonwealth, 86 Ky., 313; Buchanan v. Commonwealth, 95 Ky., 334; Long, Treasurer, v. Stone, Auditor, 19 Ky. Law Rep. 246; United States v. James Tynen, 11 Wallace, 88; Maddox et al. v. Graham, 2d Met., 56; Rash v. Holloway, 82 Ky., 674; secs. 180 and 181 present Constitution; Levi v. City of Lou., 97 Ky., 394; Childers v. People, 11 Mich., 43; People v. Jarvis, 46 N. Y. Supp., 496; Wiggins Ferry Co. v. City East St. Louis, 102 Ill., 560; Black on Intoxicating Liquors, 117; Cooley on Constitutional Limitations, 6th Ed., pp. 242 and 718; 2d Ed. Am. & Eng. Encyc. Law, p. 209; Tenny v. Lenz, 16 Wis., 566; Tim v. Hamm, 109 Ill., 593; Tyler v. Smith, 18 B. M.,632; Melton v. City of Maysville, 19 Ky. Law Rep. 1033; 18 U. S. Law Ed., 614; Dodge v. Union Pac. R. R., 98 U. S.; 48 U. S. L. Ed. 432; Granger's Mut. B. Ass'n v. McGregor, 7 Ky. Law Rep. 757; Brands v. City of Lou., 111 Ky., 56.

W. B. WHITE, attorney for appellee.

### POINTS AND AUTHORITIES.

1. The ordinance fixing the license fee for retailing liquors at $600 per year is invalid because it was adopted at a special meeting of the council of appellant city. Section 3486, Ky. Stats.; sec. 158, ordinances and by-laws, city of Mt. Sterling; Shugars v. Hamilton, 92 S. W. 564; Town of Springfield v. Bank, 63 S. W. 271, 23 Ky. Law Rep. 519.

2. The ordinance fixing the license fee for retailing liquors at $600 per annum is invalid because it does not specify the purpose for which same is levied and the purpose for which the revenue derived therefrom shall be expended. Chapter 81, Acts General Assembly, 1906; Levi v. City of Louisville, 97 Ky., 406; Shugars v. Hamilton, 92 S. W., 564.

3. Appellee having paid the license fee under the belief that it was lawfully imposed is entitled to recover the excess imposed by the invalid ordinance. Harrodsburg, etc., v. Renfro, etc., 22 Ky. Law Rep., 806; Bruner v. Town of Stanton, 102 Ky., 459.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Previous to the 26th day of December, 1906, the license tax to sell spirituous, vinous, and malt liquors in quantities of less than a quart in the city of Mt. Sterling had been fixed by ordinance at the sum of $500 per annum. On this date a special meeting of the board of council was regularly held, having been called in the manner provided by Ky. St. section 3502; and at this meeting an ordinance was adopted fixing the license tax at $600, and repealing all ordinances in conflict therewith. After the passage of this ordinance, appellee applied for and was granted a license to retail spirituous, vinous, and malt liquors upon condition that he pay the license tax of $600. To procure said license he paid the tax exacted, and thereafter brought this action to recover from the city $100, upon the ground that the ordinance raising the tax from $500 to $600 was void, and that the city authorities had no right to exact from him in payment of the license more than $500. The ordinance was assailed upon two grounds: First, because prior to December, 1906, the city council had by ordinance provided when regular meetings of the council should be held, and had furthermore enacted that no ordinance or by-law should be altered or amended except at a regular meeting of the council, and the ordinance in question having been adopted at a special meeting was invalid; second, because the ordinance failed to

specify the purpose for which the license tax imposed was levied.

If the city authorities required appellee to pay more for the license than they were authorized to demand, he had the right to maintain an action against the city to recover the excess. Board of Council of Harrodsburg v. Renfro, 58 S. W. 795, 22 Ky. Law Rep 806, 51 L. R. A. 897; Bruner v. Town of Stanton, 102 Ky. 459, 43 S. W. 411, 19 Ky. Law Rep. 1514. But, in our opinion, the ordinance fixing the license tax at $600 was valid. The second objection above stated to its validity is not well taken as has been expressly decided in Brown-Foreman Co. v. Com., 125 Ky. 402, 101 S. W. 321, 30 Ky. Law Rep. 793. Under section 3490, subsection 27, Ky. St. 1903, the council in cities of the fourth class had the power to fix the license tax for retailing liquors in any amount not less than $250, nor more than $1,000 So that the only question to be determined is: Did the council have the right to enact the ordinance fixing the tax at $600 at a special session?

Section 3502, Ky. St. 1903, authorizes the mayor to call special sessions of the board of council whenever in his judgment it may be necessary, and at special sessions the council has the right to enact any ordinance within the powers of the council. There is no provision in the act for the government of cities of the fourth class prescribing the character of ordinances that may be enacted at special meetings of the council; and hence whatever the council may do at a regular session it may do at a special one. The question at issue, then, narrows down to the proposition whether or not the enactment by the council previous to December, 1906, that no ordinance or by-law should be amended except at a regular meet-

ing of the council, prohibited a subsequent council from repealing or amending at a special session ordinances previously enacted. In other words, the proposition presented by counsel for appellee is that one council is bound by the legislation of a prior one, and cannot act except as it has directed. As we have seen, there was no statute prohibiting the enactment of the ordinance in December, 1906, and we are of the opinion that the attempt of a former council to prescribe the manner in which its 'successors should repeal or amend existing ordinances was entirely unavailing. In business so important as State legislation, one Legislature cannot put any limitation in the matter of ordinary legislation upon its successor, control its conduct, or prescribe its method of procedure in the enactment of laws. If legislation could thus be controlled, the power, independence, and freedom of legislative bodies would gradually become so limited as that each succeeding Legislature would have less liberty than its predecessor, and ultimately the legislative branch of the government would become a useless appendage on the body politic. But, except in legislation involving contract rights, each Legislature is entirely independent of its predecessor, and is vested with complete authority to amend or repeal existing laws at its pleasure. Cooley's Constitutional Limitations, p. 172; Swift v. City of Newport, 7 Bush, 37. And these reasons apply to legislative boards in municipal corporations. In the absence of a statute controlling it, we know of no reason why one council should find its hands tied by the action of its predecessor, or why one council should have more power than another, or the right to make laws that could not be subsequently amended or repealed in the

City of Mt. Sterling v. King.

manner provided in the act creating the municipality. Each council, except as restrained by the charter provisions, has the same powers as its predecessors— the right to make laws and to repeal them, subject, of course, to the rights that have arisen under valid contracts entered into; and this, without reference to what its predecessor may have done or attempted to do.

The city council of Mt. Sterling under the provisions of the charter had the power to fix the license tax for retailing liquors at any sum not less than $250 nor more than $1,000, and when the license tax had been fixed by the council, the same council at a subsequent meeting, or its successor, might within the limits above named raise or lower the tax so as to bind persons applying for license after the change had been made. The ordinance fixing the tax at $600 repealed the ordinance fixing it at $500; and, as appellee applied for and obtained his license when the ordinance fixing the tax at $600 was in effect, he was rightfully required to pay the sum named.

Wherefore the judgment is reversed, with directions to dismiss appellee's petition.