CASE 80—ACTION BY THE F. & A. COX COMPANY AGAINST THE FISCAL COURT OF OWEN COUNTY AND OTHERS TO ENJOIN THE COLLECTION OF A TAX. —March 12, 1909.

# Fiscal Court Owen Co. &c. v. F. & A. Cox Co

Appeal from Owen Circuit Court.

J. W. CAMMACK, Judge.

From the judgment defendants appeal—Reversed in part and affirmed in part.

1. Taxation—Remedies for Wrongful Enforcement—Injunction.—

Fiscal Court, Owen County, &c. v. F. & A. Cox Co.

Injunction lies to restrain the collection of an illegal tax.

2. Municipal Corporations—Ordinances—Partial Invalidity—Effect.
—An ordinance, by-law, or order imposing license fees may
be valid in part and invalid in part.

3. Licenses—Fees — Reasonableness—Judicial Review.—The rule
that the reasonableness of a license fee imposed as a tax is
a question for the taxing power, and that the courts will not
interfere with its discretion, is subject to the limitation that
the tax shall not amount to a prohibition of any useful or
legitimate occupation.

4. Licenses—Fees—Reasonableness.—A license tax of $200 on each
four-horse wagon operated as a business for hauling freight
for pay was invalid as prohibitive; it appearing that the owner
of such wagon, after paying the expense of running it, and
taking into consideration the depreciation in the value of the
teams and wagon, could make little, if anything, more than the
amount of the tax.

5. Licenses—Fees—Discrimination.—A license tax requiring the
owner of a four-horse wagon to pay nearly three times as much
as the owner of a three-horse wagon was void for unjust
discrimination.

6. Taxation—Recovery of Tax Paid—Persons Liable.—No action
can be maintained by a taxpayer against a county for taxes
wrongfully collected, whether the taxes have been paid out
by the county or not, though, where the taxes are in the hands
of the collecting or disbursing officers, a direct action may be
brought against them.

7. Taxation—Recovery of Tax Paid—Actions—Judgment.—Where,
in an action against the members of the fiscal court, and the
county treasurer to recover a tax paid by plaintiff under pro-
test, it appeared that the money was in the hands of the county
treasurer. a judgment against him was proper, though a judg-
ment against the county and the members of the fiscal court
was improper.

J. G. VALLINDINGHAM and J. W. DOUGLAS for appellant.

The question in this case is: Whether or not a livery vehicle
used in carrying passengers or freight for pay, is a common
carrier and subject to a license fee under the orders of the Fiscal
Court of the county in which it is used as such carrier. We
submit:

1. That it is a common carrier and hauls practically all the

Fiscal Court, Owen County, &c. v. F. & A. Cox Co.

produce and merchandise between the towns of Owenton and Sparta.

2. That said license fees are unreasonable, excessive, oppressive and prohibitive.

3. That the hauling of such freight was essential to the public and necessary to the appellee.

4. That appellee entered into contracts to haul said tobacco (3500) hogsheads, and to do so had to provide expensive wagons for which it invested large sums.

5. That it was making a good profit on said business.

6. That the license was not levied in good faith, but was the result of conspiracy and collusion.

7. That if the collection of the license is allowed it will greatly reduce the value of its transfer property, and destroy the value of its franchise.

8. That the American Tobacco Company had at Owenton a large purchase of tobacco which had to be hauled to the railroad at Sparta or to the Kentucky river.

9. That section 4325-A Ky. Statutes, is in violation of the Constitution of Kentucky and void.

10. That the Fiscal Court did not make said order at a regular, session of the court.

W. B. MOODY and H. G. BOTTS for appellee.

## POINTS AND AUTHORITIES CITED.

1. Owen county did not in fact have free turnpikes: nor its Fiscal Court authority to make said order. (Kentucky Statutes, secs. 4352-A-3748-B.)

2. License fees a tax on occupation. The order discriminates between the persons on whom the tax is imposed, is partial, unjust, and void. (City of Lexington v. Wood, 09 Ky. 347; Wilson v. City, 105 Ky. 767; Evers v. City, 27 Ky. 483; Livingston v. City, &c., 80 Ky. 660; 1 Dillon's Municipal Corporation, 322; Cooley on Taxation.)

3. Municipal by-laws must be reasonable. The taxes imposed by said order are unreasonable, exorbitant, oppressive, prohibitive, confiscatory, void. (Simrall & Co. v. City of Covington, 90 Ky. 449; Livingston v. City of Paducah, 80 Ky. 661; Cooley on Constitutional Limitations, Secs. 200, 201, 501, 502; American and English Encyclopedia of Law, vol. 13, p. 532.)

4. By-law may be valid in part and invalid in part. (Cooley on

Constitutional Limitations, sec. 177; Levi v. City of Louisville, 97 Ky. 394; Whaley v. Commonwealth, 23 Ky. Law Rep. 1294.)

5. The taxes paid by appellee were collected over its protest, paid under compulsion, and were properly adjudged back to it. (L. & N. Railroad Co. v. Hopkins County, 87 Ky. 614; L. & N. Railroad Co. v. Anderson, &c., 79 Ky. 3S4; L. & N. Railroad Co. v. Marion County, 89 Ky. 539.)

6. Injunction will lie to restrain the collection of an illegal tax. (Baldwin v. Shine, 84 Ky. 510; Norman, &c. v. Watson, &c., 85 Ky. 557; Gates v. Barnett, 79 Ky. 295.)

OPINION OF THE COURT BY WM ROGERS CLAY, Commissioner—Affirming.

The plaintiff F. & A. Fox Company, a corporation, instituted this action against the members of the fiscal court of Owen county and the county treasurer to enjoin the collection of a license tax, $200 imposed upon four-horse wagons hauling freight for hire, and to recover the sum of $400 claimed to have been paid under protest as license fees on two four-horse wagons. The chancellor granted the injunction and also gave judgment against Owen county, the members of the fiscal court, and the county treasurer for the $400. From that judgment Owen county, the members of the fiscal court, and the county treasurer prosecute this appeal.

By section 181 of the Constitution, authority is given to the General Assembly by general laws to delegate the power to counties to impose and collect license fees on stock used for breeding purposes and on franchises, trades, occupations, and professions. Pursuant to the above authority, the General Assembly enacted section 4325a, Ky. St. (Russell's St. section 5471), which is as follows: "That in all counties having free turnpikes the fiscal court of such

counties may place license on livery vehicles or any other vehicles that carry passengers or freight for pay.'' In the year 1906 the fiscal court of Owen county passed an order imposing license fees as follows:

For each one-horse livery rig or buggy......... $  3
For each two-horse livery rig or buggy.........      6.
For each one-horse vehicle run or operated to
    carry passengers or baggage for pay.......     10
For each two-horse vehicle run or operated to
    carry passengers or baggage for pay.........     40
For each one-horse huckster wagon operated
    for pay ................................     10
For each two-horse huckster wagon operated·
    for pay ................................     20
For each two-horse huckster wagon operated as
    a business for hauling freight for pay........     40
For each three-horse wagon operated as a busi-
    ness for hauling freight for pay............     75
For each four-horse wagon operated as a busi-
    ness for hauling freight for pay............     30

The order provided that the license fees so collected should go to and become a part of the road and bridge fund.

It appears from the record that plaintiff is engaged in transporting passengers and freight for hire between the city of Owenton and the town of Sparta, in Gallatin county, a station on the Louisville & Nashville Railroad. For this purpose its employs several four-horse wagons besides many other wagons used for the same purpose. The license order is assailed on the ground that it unjustly discriminates

between one, two, and three horse wagons and four-horse wagons, and on the further ground that the license fee imposed on the four-horse wagons is oppressive and prohibitive. The law is well settled that an injunction will lie to restrain the collection of an illegal tax. Norman v. Boaz, 85 Ky. 557, 4 S. W. 316; Baldwin v. Shine, 84 Ky. 510, 2 S. W. 164; Gates v. Barrett, 79 Ky. 205. An ordinance, by-law, or order, imposing license fees, may be valid in part and invalid in part. Cooley on Constitutional Limitations, section 177; Levi v. City of Louisville, 97 Ky. 304, 30 S. W. 793, 28 L. R. A. 480; Whaley v. Commonwealth, 110 Ky. 154, 61 S. W. 35. From the proof in this case it would appear that the fiscal court imposed the license fee of $200 on four-horse vehicles on the idea that if free turnpikes were not maintained by the county the owners of such vehicles would be required to pay more than that amount by way of tolls. The defendants introduced proof to the effect that in the opinion of many citizens of Owen county the license fee imposed was altogether reasonable considering the wear and tear on the roads occasioned by the use of four-horse wagons. By the decided weight of the testimony of those who knew, it appears that the owner of a four-horse wagon, after paying the expense of running it and taking into consideration the depreciation in the value of the teams and the wagon itself, could make but little, if anything, more than the amount of the license tax imposed.

It may be conceded that ordinarily the reasonableness of a license fee imposed as a tax is a question for the taxing power, and the courts will not interfere with its discretion. Hall v. Commonwealth, 101

Ky. 382, 41 S. W. 2. This rule we think, however, is
subject to the limitation that the tax imposed shall
not amount to a prohibition of any useful or legiti-
mate occupation. In re Quong Woo (C. C.) 13 Fed.
229; Mankato v. Fowler, 32 Minn. 364, 20 N. W. 361;
City of Ottumwa v. Zekind, 95 Iowa, 622, 64 N. W.
646, 29 L. R. A. 734, 58 Am. St. Rep. 447; Van Sant
v. Harlem Stage Co., 59 Md. 330; Brooks v. Morgan,
86 Mich. 576, 49 N. W. 633, 24 Am. St. Rep. 137;
Caldwell v. City of Lincoln, 19 Neb. 569, 27 N. W. 647.
While there are numerous authorities to the contrary,
it will be found that the license fee involved in those
cases was not prohibitive, and the courts simply de-
clared the general rule that the reasonableness of the
tax was a matter within the discretion of the taxing
power. We can hardly believe that the same courts
that announced that doctrine would hold to be valid
an ordinance or statute imposing upon every physi-
cian and attorney at law an annual license tax of
$10,000, or imposing upon every merchant a license
of 5,000, or upon every washer-woman a tax of $1,000
per year. If a prohibitive license tax could be im-
posed upon the professions and occupations men-
tioned above, the same character of tax could be
imposed upon every profession and occupation. It
may be answered that no legislative or municipal
body would ever do this. The question, however, is
not what it would do, but what it might do. The
question is one of power. A powerful organization
of men engaged in different pursuits might prevent
the imposition of a prohibitive license tax upon their
respective callings or occupations, but what is to
become of the man without political power, whose

means of livelihood are taken away by the imposition
of a prohibitive tax? Shall we still say that the
amount of the tax is within the discretion of the
taxing power, or shall we say that among the inalien-
able and inherent rights guaranteed by our Constitu-
tion to every law-abiding citizen is the right to live
and enjoy life and the right to acquire property, and
that these rights necessarily carry with them the
right to gain a livelihood and acquire property by fol-
lowing any useful or legitimate occupation, the pur-
suit of which is not injurious to the public weal? In
our opinion there is but one answer to this question:
If you deprive a man of the means of livelihood, you
necessarily deprive him of the right to live and enjoy
his life. Great as is the taxing power, it can never
rise superior to the inalienable rights guaranteed by
our Constitution. As the evidence in this case shows
that the license tax in question is prohibitive, we have
no hesitancy in declaring it invalid. Hager, Auditor,
v. Walker, 107 S. W. 254, 32 Ky. Law Rep. 748, 15
L. R. A. (N. S.) 195.

Furthermore, the order itself shows that the
owner of a four-horse wagon is required to pay three
times as much tax as the man who operates a three-
horse wagon, when there is nothing in the character
of the wagons to justify such inequality It may be
conceded that a reasonable classification for the pur-
pose of license taxes may always be made. Classi-
fication based upon the character of the vehicles and
the number of horses used in connection with them
may be proper (Smith v. City of Louisville, 9 Ky.
Law Rep. 779), but the classification sought to be
made in this case is manifestly unequal and unrea-

sonable. It cannot be said to be reasonable because it bears alike upon all owners of four-horse wagons. The class of persons whose occupations are taxed are those who run and operate vehicles for hire. The taxing power may subdivide this class, but it cannot unjustly discriminate between the subdivisions so made. As the order in question unjustly discriminates between the owners of three-horse vehicles and the owners of four-horse wagons, it follows that the license fee of $200, imposed upon four-horse wagons, is therefore void. Livingston v. City of Paducah, 80 Ky. 656; 1 Dillon's Municipal Corporations, section 323; Simrall & Co. v. City of Covington, 90 Ky. 444, 14 S. W. 369, 9 L. R. A. 556, 29 Am. St. Rep. 398; Cooley on Taxation, section 127; Hager, Auditor, v. Walker, 107 S. W. 254, 32 Ky. Law Rep. 748, 15 L. R. A. (N. S.) 195.

It appears that judgment was given in favor of plaintiff against Owen county for the sum of $400, being the amount which plaintiff paid as license tax on two four-horse wagons The law is well settled that no action can be maintained by a taxpayer against a county for taxes wrongfully collected, it matters not whether the taxes have been paid out by the county or not. First National Bank v. County of Christian, 106 S. W. 831, 32 Ky. Law Rep. 634; Commonwealth v. Boske, 124 Ky. 468, 99 S. W. 316, 30 K. L. R. 400. On the other hand, it has been held that, where taxes have been wrongfully collected by county officials, and are in the hands of the collecting or distributing officers, a direct action may be brought against the persons holding the tax. Whaley v. Commonwealth, 110 Ky. 154, 61 S. W. 35; Blair v. Carlisle & Jackson Turnpike Co., 4 Bush, 157; Common-

wealth v. Stone, 114 Ky. 511, 71 S. W. 428, 24 K. L. R. 1297. It does not appear from the record in this case that the members of the fiscal court held the tax. It does appear, however, that the sum of $400, paid by plaintiff at the time of the institution of this suit, was in the hands of the county treasurer. We are of opinion therefore that: Judgment against Owen county and the members of the fiscal court was improper; judgment against the county treasurer was proper.

For the reasons given, that portion of the judgment enjoining the collection of the license tax is affirmed; that portion permitting plaintiff to recover the $400 of Owen county, the members of the fiscal court, and the county treasurer, is reversed as to Owen county and the members of the fiscal court, and affirmed as to the county treasurer.