CASE 87.—LUM SIMONS & CO. WAS CHARGED WITH VIO-
LATING A CITY ORDINANCE.—May 12, 1909.

# City of Louisville v. Lum Simons, &c.

Appeal from Jefferson Circuit Court. (Criminal
Branch).

JOSEPH PRYOR, Judge.

From a judgment of dismissal the city appeals.—
Affirmed.

Licenses—Occupation Taxes—Validity.—A city ordinance requir-
ing every person lending or advancing money on assignment
of salaries or discounting salaries to pay a license tax is un-
constitutional, so far as it requires the payment of the tax by
persons only buying claims against the city.

A. E. RICHARDS for appellant.

KOHN, BAIRD, SLOSS & KOHN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE.—
Affirming.

Appellees were arrested under a police court war-
rant charging them with an alleged violation of sec-
tion 64 of an ordinance of the city of Louisville, en-
titled "an ordinance providing for certain licenses,
the fees thereof to be paid into the sinking fund of
the city of Louisville." Section 64 is in words as
follows: "Every person, firm or corporation en-
gaged in the business of lending or advancing money
(or negotiating for the loan or advance of money)
on assignment of salaries, due or to become due, or
discounting salaries or wages, due or to become due,
shall pay a license of one thousand dollars per year."

The appellees, though engaged in the business of purchasing claims against the city of Louisville, had never procured the license prescribed by the foregoing section. The trial of appellees in the police court resulted in the dismissal of the warrant. An appeal was prosecuted by the city of Louisville from that judgment to the Jefferson Circuit Court, criminal division, and in that court the judgment of the police court dismissing the warrant against appellees was affirmed. The city of Louisville, being dissatisfied with the judgment of the circuit court, has again appealed, thereby bringing the case to this court for its decision of the question involved.

Both the police and circuit court were of opinion, and so adjudged, that the provisions of the ordinance, supra, did not apply to appellees; that their business was not that of lending or advancing money, or negotiating for the loan or advance of money, or discounting salaries, or wages due or to become due, but simply that of purchasing claims against the city of Louisville admitted to be just, as an investment.

The evidence furnished by the record fully sustains this contention. In the brief filed by the able and conscientious counsel representing the appellant, we find this statement: ''I find upon a careful reading of the proof that each of the witnesses who did business with the appellees testified that he sold his claim to them outright. L. Simons, a member of the appellee firm, testified that their only business was to purchase the claims as investments. The city auditor, Mr. Miller, testified that the money was always paid to the firm on assignments of the claims, which is entirely consistent with the testimony of the other witnesses. Under this testimony candor compels me to

admit that the city failed to prove that the appellees were engaged either in lending or advancing money, or discounting salaries or wages. Although my client would be entitled to collect the license fee, if enforceable, yet I do not see how I can present an argument for the reversal of the judgment.

The ordinance under which the prosecution against appellees was instituted seems to be similar in many of its provisions to a former ordinance of the appellant city, except that the former ordinance fixed the license fee at $150, whereas that required by the present ordinance is $1,000. In the case of Bitzer v. Thompson, Judge, 105 Ky. 514, 49 S. W. 199, 20 R. 1318, 44 L. R. A. 141, this court declared the former ordinance unconstitutional. We here copy so much of the opinion in that case as will indicate the reasons of the court for so holding:

"We are, however, of opinion that the ordinance or statute which requires the license to be paid as a condition precedent to a citizen buying a claim or claims is unconstitutional and void. It is doubtless true that, if a person was engaged in the general business of brokerage, or making it his business to buy general claims, it would be competent to impose a license fee; but, according to the averments in this petition, the appellant was only purchasing claims on the city of Louisville, which were admitted by said city to be just and due, and it would seem that it would be unreasonable to impose a license tax upon a citizen who merely wanted to buy a few claims, or some of a particular class, as an investment. It would also be injurious to the claimant, whose claim could not be paid when due, to require a tax to be paid to the

same authority who owed the claim before the purchaser could be allowed to buy the same. The tendency of such a license would be to impose a hardship upon the claimant as well as upon the purchaser, and it seems that public policy forbids the imposition of any such tax or restriction in regard to the purchase of such claim. Such license would tend to lessen the value of the claim which the city had undertaken to pay at maturity, and consequently would enable the city to derive a profit or revenue from its own laches, and would tend to lessen the number of claim buyers, and, as a consequence, cheapen the claim, and thereby wrongfully injure the credit of the city."

It is apparent that the imposition of a $1,000 license tax, as contemplated by the present ordinance, for the right to purchase claims against the city of Louisville, as appellees are doing, would not only result in the evils described in the opinion in Bitzer v. Thompson, Judge, supra, but, in addition, strongly tend to establish a monopoly in the business of buying such claims, for the exorbitant amount of the license fee would confine such business in the city of Louisville to a very few purchasers, or, more likely, to one person, firm, or corporation.

The opinion in Bitzer v. Thompson being conclusive of all questions presented for consideration in the instant case, it follows that the judgment appealed from should be, and is, affirmed.