## The Sperry and Hutchinson Co. v. City of Owensboro, et al.

(Decided December 20, 1912).

### Appeal from Daviess Circuit Court.

1. Ordinances—Tax on Trades and Occupations—Trading Stamp Companies.—An ordinance levying a license tax on trades and occupations is valid as to trading stamp companies; although no similar tax is levied on merchants.

2. Ordinances—Trading Stamp Companies—When Tax Will Be Held Void.—A tax of $300.00 on a trading stamp company in a city of the third class is unreasonable; and will be held void, where it was intended to prohibit the business.

BIRKHEAD & WILSON and JOHN HALL JONES for appellant.

R. S. TODD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The common council of the city of Owensboro enacted an ordinance which was approved by the mayor, levying license taxes on trades, professions and occupations in the city of Owensboro during the year commencing on May 1, 1910, and ending April 30, 1911. Section 26 of the ordinance is in these words:

"To engage in the business of selling or giving stamps, known as trading stamps, to be used in connection with the sale of goods, wares or merchandise, $300."

The Sperry and Hutchinson Company brought this suit against the city of Owensboro and its officers to enjoin the collection of the tax on the ground that the ordinance is void in that it is discriminatory, and the amount fixed to be paid is unreasonable, oppressive and prohibitory. The appellant is a corporation formed under the laws of the State of New Jersey, and has complied with the laws of the State of Kentucky relating to foreign corporations doing business here. It is authorized to buy, sell and exchange merchandise, to do a general advertising business, to contract and be contracted with. It is carrying on business in the city of Ownsboro where it maintains a store similar to other house-furnishing stores, stocked with goods, wares and merchandise for household use and ornamentation, and it disposes of its goods in the following manner: It enters into contracts with various merchants in the city of Owensboro called subscribers, who desire to give their customers attractive articles of merchandise as an inducement for cash trade. Under these contracts it furnishes its subscribers stamps which they agree to deliver to their customers at the rate of one stamp for each ten cents represented in a cash purchase. It agrees with its subscribers that it will give in exchange for these stamps in certain specified numbers, the articles of merchandise carried by it in its store. The subscribers pay for the stamps at so much a thousand; and it also delivers to them books in which the stamps are to be placed by the customers of the subscribers, and when a book is filled, the book may be presented to it and an article of merchandise obtained. The subscribers are furnished with metal and card advertising signs to display in their

stores to inform the public that they are offering this inducement for cash trade.

For a number of years it has not been uncommon for a merchant to give coupons to his customers making cash purchases and agreeing when a certain number of these coupons are presented to deliver to the purchaser free of charge some household article kept in the store. The business of the plaintiff seems to have taken its origin from this custom. It relieves the merchant of keeping the articles in stock to be delivered to his customers, and it offers the customers a wider range of choice in the articles to be obtained. In addition to this under the old system, the coupons issued at each store could only be redeemed at that store, but under the plaintiff's plan, it furnishes its stamps to grocers, butchers, bakers, dry goods merchants, druggists and all other trades, and the stamps obtained in any of these stores, can be put in the same book, and presented to the plaintiff for redemption. In this way a book can be filled out very much more quickly, and all the stamps received by a customer anywhere may be used.

Section 4224, Kentucky Statutes, provides:

"All resident or foreign trading stamp companies or corporations doing business in this State shall annually pay a license tax to the county court clerk of each county wherein such business is conducted, ten dollars."

We had this statute before us in Commonwealth v. Gibson, 125 Ky., 440, and it was there held that a company conducting a general retail merchandise business that gave to each cash purchaser a check representing 4 per cent of his purchase, which could be exchanged for articles in the store or for cash, did not come within the statute; and in that case the difference between a merchant and a company like the plaintiff was pointed out, it being held that the statute was intended to cover such a business as is done by the plaintiff. The circuit court dismissed the plaintiff's petition and it appeals.

Under subsection 12 of section 3290, Kentucky Statutes, pursuant to section 181 of the Constitution, the city may impose license fees "on franchises, trades. occupations and professions, and provide for the collection thereof." The business of the appellant is substantially different from that of an ordinary merchant. The city may classify business and levy the tax on business as classified. There must be a reasonable basis for the

classification; but as appellant's business is entirely different from that of an ordinary merchant, we agree with the circuit court that there is a reasonable basis for the classification; and that the ordinance is not void on the ground that it is discriminatory.

In Covington v. Dalheim, 126 Ky., 26, and in Read v. Graham, 102 S. W., 860, it was held that an ordinance taxing grocers or milk venders using a delivery wagon, and not taxing those who did not use a wagon, was void because based on no reasonable ground of classification. But that is not this case. Plaintiff is not a merchant selling goods as other merchants. It sells trading stamps to its customers, and redeems these stamps from their customers, under certain conditions, in merchandise. Stamps not presented for redemption are clear profit. Stripped of all circumlocution, it simply maintains a system by which purchasers for cash from its subscribers get a discount on their purchases. Its business is as distinct from that of a merchant as the business of a pawnbroker or factor.

The objection that the tax is unreasonable, oppressive, and prohibitory presents a more difficult question. The taxing of trading stamp companies has lead to a considerable amount of litigation. It is generally held that the business is a lawful business and that it may not be taxed under the exercise of the police power. State v. Shugart, 138 Ala., 86; Drexel v. Holland, 147 Cal., 763; Long v. State, 74 Md., 565; O'Keffe v. Somerville, 190 Mass., 110; State v. Ramseyer, 73 N. H., 31; People v. Gillson, 109 N. Y., 389; State v. Dalton, 22 R. I., 77, 84 Am. St. R., 818, and cases cited. But while plaintiff's business may not be taxed under the police power, it may be taxed as any other lawful business is taxed under the power to tax franchises, trades, occupations and professions. But an unreasonable or prohibitory tax under this power will not be sustained. In Fiscal Court v. Cox Co., 132 Ky., 738, we said:

"It may be conceded that ordinarily the reasonableness of a license fee imposed as a tax is a question for the taxing power, and the courts will not interfere with its discretion. (Hall v. Commonwealth, 101 Ky., 382.) This rule we think, however, is subject to the limitation that the tax imposed shall not amount to a prohibition of any useful or legitimate occupation. (Citing authorities.) While there are numerous authorities to the contrary, it will be found that the license fee involved in-

those cases was not prohibitive, and the courts simply declared the general rule that the reasonableness of the tax was a matter within the discretion of the taxing power.''

See also Hager v. Walker, 128 Ky., 820, Chicago v. Netcher, 46 L. R. A., 261.

In Ex Parte Hutchinson, 137 Fed., 149, the court had before it the validity of a franchise ordinance, which imposed an annual tax of $100 on pawnbrokers, and $700 on trading stamp companies in Seattle. The ordinance was held invalid as to trading stamp companies on the ground that it was prohibitive. In view of the size of the two cities, a tax of $300 in Owensboro, a city of third class of this State, is more oppressive than a tax of $700 in a city the size of Seattle. In Hume v. Little Rock, 139 Fed., 939, a license tax of $50 a week on all persons engaged in the business of selling or giving away premium stamps, was held void as prohibitive. While this is an extreme case, it illustrates the principle that the courts will not sustain prohibitive regulations made under the guise of taxation. The plaintiff's business is not unlawful; it is a business which the State itself licenses. And while the city may also tax it, the tax must be imposed in good faith under the taxing power, and not for the purpose of prohibiting the business. When we read the ordinance as a whole, it is hard to escape the conclusion that it was intended to prohibit the business. To illustrate, to construct or operate a brewery in the city is taxed $50; to conduct the business of putting up in bottles beer, wine, cider, pop or other soft drinks, is taxed $25; to maintain a soda fountain, $10; to keep a restaurant, $10; butcher shop, $25; commission merchants, $25; second hand dealers, $25; pawnbrokers, $25; auctioneers, $25. Excepting licenses for selling intoxicants, which may be regulated under the police power the only thing we find in the ordinance high as $300 are itinerant merchants, stockbrokers, receiving orders for the purchase for a future delivery in margins, and private scales. We think it evident from the ordinance as a whole that the tax of $300 on stamp companies was intended to be prohibitive and break up the business. Appellant's gross business per annum under the evidence amounts to about $5,000 and its net profits amount to about $500 per annum. To tax such a business $300 per annum must have been intended to break it up, and it is not difficult to under-

stand why this sentiment existed on the part of the merchants in the city who did not handle the stamps. It is true the business may increase and there may be more profit in it than is shown by the evidence; but the ordinance was evidently aimed at it as it is; and no facts being shown, justifying such a tax on it, it must be presumed that the intention was to burden and so break up the business. We, therefore, conclude that the ordinance is void as imposing an oppressive and prohibitory tax.

Judgment reversed and cause remanded for a judgment as above indicated.