## City of Irvine v. Bergman..

(Decided June 24, 1927.)

### Appeal from Estill Circuit Court.

1. Licenses.—Reasonableness and validity of ordinance imposing license tax is measured, not by effect on particular individual,

but by effect on general class engaged in particular occupation taxed.

2. Licenses.—City ordinance imposing license tax of $20 per year on laundries and laundry agencies under Ky. Stats., section 3490, held not unreasonable, oppressive, or confiscatory, though in particular instance tax amounted to almost two-thirds of net profits.

3. Judgment.—Decision holding license tax on laundry agencies in excess of $10 per year would be prohibitive held not res judicata of liability of laundry agencies for higher license tax imposed by city for subsequent year.

H. M. SHUMATE and RIDDELL & SHUMATE for appellant.

BEN H. SCOTT for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The city of Irvine by ordinance imposed a tax or license charge of $20 per annum on laundries and laundry agencies. Bergman conducts a hardware business in that city, and, in connection with that business, has for more than a quarter of a century conducted a laundry agency. He began this action by filing a petition against the city, its board of council, and its police judge, to enjoin them from enforcing this ordinance against him. He was successful, and the city has appealed.

Irvine is a city of the fourth class, and is authorized by section 3490, Kentucky Statutes, to license, tax, and regulate any trade, occupation, or profession. This ordinance has been attacked as unreasonable, excessive, oppressive, confiscatory, and discriminative. We do not so regard it. We have never hesitated to declare a license fee or tax unlawful where the governing authorities abused their discretion and imposed a license tax that was prohibitive, unreasonable, oppressive, or discriminatory, nor have we hesitated to uphold a tax that was not so. Our position has often been stated, and is fully set out in these cases: Sallsbury v. Equitable Purchasing Co., 177 Ky. 348 197 S. W. 813, L. R. A. 1918A, 1114; Tandy & Farleigh Tobacco Co. v. Hopkinsville, 174 Ky. 189, 192 S. W. 46; Sperry et al. v. Owensboro, 151 Ky. 389, 151 S. W. 932, Ann. Cas. 1915A, 373; Louisville v. Pooley, 136 Ky. 286, 124 S. W. 315, 25 L. R. A. (N. S.) 582; Fiscal Court of Owen County v. F. & A. Cox Co., 132 Ky. 738, 117 S. W. 296, 21 L. R. A. (N. S.) 83; Hager

v. Walker, 128 Ky. 1, 107 S. W. 254, 32 Ky. Law Rep. 748,. 15 L. R. A. (N. S.) 195, 129 Am. St. Rep. 238; Henderson v. Lockett, 157 Ky. 366, 163 S. W. 199; Bradford v. Jones, 142 Ky. 820, 135 S. D. 290; Standard Oil Co. v. Commonwealth, 119 Ky. 75, 82 S. W. 1020, 26 Ky. Law. Rep. 985;. Commonwealth v. Fowler, 98 Ky. 648, 34 S. W. 21, 17 Ky. Law Rep. 1209; Kniper v. Louisville, 7 Bush, 599; Newport v. So. Covington, etc., St. R. Co., 89 Ky. 29, 11 S. W. 954, 11 Ky. Law Rep. 319; Cumberland T. & T. Co. v. Calhoun, 151 Ky. 241, 151 S. W. 659; Mt. Sterling v. King, 126 Ky. 526, 104 S. W. 322, 31 Ky. Law Rep. 919; Brown-Foreman Co. v. Commonwealth, 125 Ky. 402, 101 S. W. 321, 30 Ky. Law Rep. 793; Shugars v. Hamilton, 122 Ky. 606, 92 S. W. 564, 29 Ky. Law Rep. 127; Bitzer v. Thompson, 105 Ky. 514, 49 S. W. 199, 20 Ky. Law Rep. 1318, 44 L. R. A. 141; Simrall v. Covington, 90 Ky. 444, 14 S. W. 369, 12 Ky. Law Rep. 404, 9 L. R. A. 556, 29 Am. St. Rep. 398; Evers v. Mayfield, 120 Ky. 73, 85 S. W. 697, 27 Ky. Law Rep. 481; Mayfield v. Carter Hdw. Co., 192 Ky. 381,. 233 S. W. 789; Craig v. Taylor, 192 Ky. 36, 232 S. W. 395; Hall v. Com., 101 Ky. 382, 41 S. W. 2, 19 Ky. Law Rep. 578; Adams Express Co. v. Owensboro, 85 Ky. 265, 3 S. W. 370, 8 Ky. Law Rep. 908; Otting v. Bellevue, 105 S. W. 375, 32 Ky. Law Rep. 186; Green v. Nat. Surety Co., 186 Ky. 353, 217 S. W. 117; Greene v. Kentenia. Corp., 175 Ky. 661, 194 S. W. 820; Louisville v. Sagalowski, 136 Ky. 324, 124 S. W. 339, 136 Am. St. Rep. 258.

Bergman established by evidence that his net profits from the conduct of this business for one year was $32.18, and insists that to impose on that small return a license tax of $20 would be oppressive, and in support of his. position he cites the case of Louisville v. Pooley, supra. In that case the license tax was $1,000 for loaning money on chattels, and a similar sum for loaning money on salaries. The average net earnings of Pooley from both these sources was $2,200, and to deduct from this $1,000 for each occupation, or $2,000 for the two, we held would. be prohibitive, but there is a great difference between the imposition of a $1,000 license and one of $20. Great. enough, in fact, to make this license tax valid, whereas the other was invalid. The reasonableness and validity of this ordinance is measured, not by its effect upon Bergman, but by what would be its effect on others engaged in the same occupation as he. In City of Louis-

ville v. Sagalowski, 136 Ky. 324, 124 S. W. 339, 136 Am. St. Rep. 258, we said:

> "The test is whether the tax bears so heavily on a class, not isolated and exceptional individuals, as to prohibit the occupation—as to be confiscatory."

Measured by this rule, we cannot regard this license tax as invalid.

Some years ago the city of Irvine imposed a license tax of $50 upon the conduct of a laundry agency, which Bergman attacked just as he attacked this one, and the trial court in that case held the imposition of any license tax in excess of $10 per year would be prohibitive. Bergman has tendered $10 to the city, and insists that the matter of license tax on his business is res adjudicata, but in the case of City of Newport v. Com., 106 Ky. 434, 50 S. W. 845, 51 S. W. 433, 21 Ky. Law Rep. 42, 45 L. R. A. 518, we held an adjudication upon the liability of taxes for one year is no bar to an action for taxes for a subsequent year, where it did not appear that the adjudication resulted from a contract. The question of res adjudicata is thoroughly discussed in that case, and we held that it did not apply to questions of taxation.

The judgment is reversed.