JOHN ALPERSON, APPELLEE, V. MICHAEL WHALEN, APPELLANT.

FILED OCTOBER 19, 1905. No. 14,452.

Statutes: TITLE. Section 11, article III of the constitution, requires the subject of an act of the legislature to be clearly expressed in the title of the act, but this is sufficiently complied with if the subject and purpose of the proposed legislation is manifest from the language of the title. A literal recital in detail of the subject of legislation is not indispensable.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE.    *Reversed.*

*Norris Brown, Attorney General,* and *W. T. Thompson,* for appellant.

*Woolworth & McHugh, contra.*

SEDGWICK, J.

The plaintiff Alperson, being held in custody for the violation of the so-called anti-cigarette law enacted by the last legislature, applied to the district court for Douglas county for a writ of habeas corpus, and upon hearing was discharged from custody.    He was charged with unlawfully giving away cigarettes and cigarette paper, and insisted that that part of the act which made giving away of cigarettes and cigarette paper unlawful was unconstitutional, because it was a subject not sufficiently expressed in the title of the act.    The provision of the constitution which this part of the statute was supposed to have violated is section 11 of article III: "No bill shall contain more than one subject and the same shall be clearly expressed in its title."    It is insisted by the plaintiff that the subject of the legislation in this section is not clearly expressed in the title of the act; that the words "give away or willingly allow to be taken" are not found in the title, and therefore cannot properly be included in the act itself.    In the copy of the opinion of the learned trial judge, which we find in the brief, it is said that the object of the constitutional limitation is "to prevent the legislature from passing a law under the guise of one name, which might affect some other interests or rights," and it is contended by counsel that the right to give away cigarettes and cigarette paper cannot be abridged in a law, the title to which does not specify an intention to prohibit a gift; that, as the title mentions only manufacture and sale," the legislation must be limited to the

technical and well-defined meaning of these words, and that gift would constitute a different subject and cannot be held 'to be included in this title. It was said by the supreme court of Maryland in *Parkinson v. State*, 14 Md. 184, 195: "To find out what the law was intended to prevent, we are at liberty to resort to the body of the law." That is, the first thing to ascertain is the subject of the bill, and then ascertain whether that subject is clearly expressed in the title.

What, then, is the subject of this legislation? The first section of the act provides: "That it shall be unlawful on and after the date this act shall go into effect to manufacture, sell, give away or willingly allow to be taken any cigarettes or the material for their composition known as cigarette paper within the state of Nebraska." Laws 1905, ch. 198. The legislature undoubtedly supposed that the use of cigarettes was injurious to the public in general, through its effects upon the health and morals of the people. Unless there is reason for such supposition the legislation would be unconstitutional as beyond the power of the legislature. That the use of these injurious articles might be discouraged, and the injurious effects thereof upon the public removed as far as possible, it was made unlawful to manufacture, sell, or give away the article itself, and a particular material that is used only in the manufacture of that article. The intention is to remove these articles from the avenues of commerce; to banish them from the state as guilty and illegitimate things that ought not to be offered to, or easy of access by, vicious or thoughtless people who are, or may be, injured thereby. This is the manifest subject of legislation as disclosed in the first section of the act above quoted.

Is this purpose of the legislature sufficiently disclosed in the title of the act? The title is: "A bill for an act to prohibit the manufacture and sale of cigarettes and what is known as cigarette paper and to provide a penalty for its violation and to repeal sections 2363, 2364, 2365 and 2366 of Cobbey's Annotated Statutes of Nebraska."

The nature and use of these articles is well understood. If the legislature was justifiable in assuming that the character of these articles is such as to justify the prohibition of their manufacture and sale, the court will also take notice of the nature and use of the prohibited articles. With this in mind, can it be said that the subject of this legislation as derived from the act itself is so disguised in the title that the legislators would not be sufficiently notified by the language used in the title that it was intended to discourage the use of the articles referred to, and to that end, to prevent all traffic therein? We think that it is manifest from the title to this act, and therefore sufficiently expressed therein, that it was the purpose of the proposed legislation to protect the people of the state against results arising from furnishing these articles to the public. In *Affholder v. State,* 51 Neb. 91, it was said:

"Section 11, article III of the constitution, should be so liberally construed as to admit of the insertion in a legislative act of all provisions which, though not specifically expressed in the title, are comprehended within the objects and purposes of the act as expressed in its title, and to admit all provisions which are germane, and not foreign, to the provisions of the act as expressed in its title."

The title of the act in question in that case was "An act to provide cheaper text-books, and for district ownership of the same." The provision of the act itself, which it was claimed was unconstitutional as not sufficiently expressed in the title, was as follows: "The provisions of this act shall include all school supplies."

It was contended that school supplies were not included in text-books, and it must be confessed that a stronger case was made against the act there attacked than against the act under consideration here. It was also said in the opinion:

"We do not think the term 'text-books' should be given a technical meaning, but that it is comprehensive enough to and does include globes, maps, charts, pens, ink, paper,

etc., and all other apparatus and appliances which are proper to be used in the schools in instructing the youth."

If the barter and gift of cigarettes and cigarette paper are not prohibited by the act, it is manifest that the purpose and intent of the legislature is thwarted, and we think that purpose and intent is plainly to be derived from the title of the act itself.

The judgment of the district court is reversed, and the prisoner John Alperson is remanded to the custody of the officer.

REVERSED.