MICHAEL F. DEMPSEY v. EDWARD STOUT.

FILED MARCH 22, 1906.    No. 14,597.

A complaint, which alleges that the defendant, "having in his possession solely for his own use, as his own property, tobacco and a paper commonly known as cigarette paper, did place certain of said tobacco within said paper, and did proceed to roll the same into form as a cigarette, solely for his own use," does not charge the "manufacture" of cigarettes within the meaning of the statute.

ERROR to the district court for Douglas county: GEORGE A. DAY and HOWARD KENNEDY, JR., JUDGES. *Affirmed.*

*Norris Brown, Attorney General,* and *W. T. Thompson,* for plaintiff in error.

*W. D. McHugh, contra.*

SEDGWICK, C. J.

The question presented in this proceeding depends upon the meaning of the word "manufacture" as used in the anti-cigarette law. The complaint upon which this defendant was arrested charges that: "Edward Stout on or about the 29th day of November, A. D. 1905, in the county aforesaid and within the incorporate limits of the city of Omaha aforesaid, then and there being an adult man of the age of 30 years and not engaged in the business of the manufacture or sale of tobacco, cigars or cigarettes or cigarette papers, and then and there having in his possession solely for his own use, as his own property, tobacco and a paper commonly known as cigarette paper, did place certain of said tobacco within said paper, and did proceed to roll the same into form as a cigarette, solely for his own use and for the purpose of smoking the same himself and with the intent so to do; and he the said Edward Stout did then and there proceed to light the same and did smoke the same, thereby manufacturing a cigarette, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state of Nebraska." Upon the argument the merits of the motion for a rehearing in *Alperson v. Whalen,* 74 Neb. 680, now pending in this court, were also discussed. In that case it was held that the giving away of cigarettes and cigarette paper is prohibited by the statute, and that such prohibition is not invalid because not sufficiently expressed in the title of the act. It was said that the purpose of the act was "to protect the people of the state against results arising from furnishing these articles to the public." That it appears from the act itself that the legislature "supposed that the

use of cigarettes was injurious to the public in general, through its effects upon the health and morals of the people," and that to discourage this use "it was made unlawful to manufacture, sell, or give away the article itself, and a particular material that is used only in the manufacture of that article." That the manifest intention was to remove these articles from the avenues of commerce, and to prevent all traffic therein, and it was held that this purpose was manifest from the title of the act. Upon the argument it was insisted that giving away these articles is a separate and distinct subject from the manufacture and sale thereof, and this was the ground of the argument that the legislation is unconstitutional. To this proposition it was suggested by the attorney general that, if the giving away of the articles was a distinct subject, then clearly the manufacture and sale were two distinct subjects, and, so, it would follow that there must be three separate acts; one prohibiting the manufacture, another prohibiting the sale, and another prohibiting the giving away of the articles. This suggestion seems to be unanswerable. The only reasonable conclusion is that neither the manufacture, nor the sale, nor the giving away of these articles is of itself the subject of the legislation. If the subject of the legislation is considered to be the traffic in cigarettes, and if that subject is sufficiently expressed in the title of the act, then the conclusion of the opinion in *Alperson v. Whalen, supra,* is justifiable. Applying this construction of the act to the case at bar, does the complaint state an offense? It was contended upon the hearing that the legislature has no power to regulate the personal habits of an individual by forbidding him to use cigarettes; that it is the right of the sovereign citizen to eat, drink and smoke what he may choose to, although it may be the judgment of the legislature that he is injuring himself by so doing. From a comparison of this suggestion with the act itself and the title thereof, it will readily be seen that the legislature in this act has avoided any attempt to regulate the personal habits of the citizen.

As shown in the opinion in *Alperson v. Whalen, supra,* the purpose of the law is to suppress the traffic in, and not to forbid the use of, these articles. It is true that the law assumes that the use of the articles is injurious to the health and morals of the public, and that therefore traffic in the articles themselves should be made illegitimate. The law thus discourages the use of the articles, but it intentionally avoids forbidding the individual to use them. The word "manufacture" in the act, then, is used in the sense of "to engage in and carry on the business of manufacturing." It is the business of manufacturing for traffic that is prohibited. The act of "rolling cigarettes" from one's own materials and for one's own use is so connected with the use as to be a part of such use, and this it was clearly not intended by the legislature to prohibit. This action originated in the district court for Douglas county, and it was there held that the complaint failed to state an offense.

We think the conclusion of the district court was correct, and its judgment is therefore

AFFIRMED.