THE PEOPLE *ex rel.* R. M. Berlizheimer, Appellee, *vs.* FRED A. BUSSE, Mayor, *et al.* Appellants.

*Opinion filed December 17, 1907.*

1. CONSTITUTIONAL LAW—*legislature has power to prohibit sale of cigarettes.* The legislature, under its police power, may lawfully prohibit the sale of cigarettes provided the title of the act expresses that purpose, but it cannot prohibit the sale of cigarettes under an act the title of which provides only for regulating their sale.

2. CIGARETTES—*section 1 of the Anti-cigarette law of 1907 construed.* Section 1 of the Anti-cigarette law of 1907, (Laws of 1907, p. 265,) which imposes a penalty upon the manufacture or sale of "any cigarette containing any substance deleterious to health, including tobacco," applies only to cigarettes containing substances deleterious to health, including those made of tobacco impregnated with drugs, but does not apply to cigarettes containing pure tobacco only.

APPEAL, from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This was a petition for a writ of *mandamus* filed in the superior court of Cook county in the name of the People, upon the relation of R. M. Berlizheimer, against the mayor, the city clerk and the city collector of the city of Chicago, to require them to issue to the relator a license authorizing him to sell cigarettes at his place of business in the city of Chicago. The petition set out the ordinance of the city of Chicago authorizing the issue of licenses to sell cigarettes, and showed that the relator was a fit person to receive such license and that he had fully complied with the terms of the ordinance, and averred that the respondents refused to issue to him such license on the ground that they were prohibited from so doing by virtue of the provisions of an act entitled "An act to regulate the manufacture, use and sale of cigarettes in the State of Illinois," approved June 3, 1907, in force July 1, 1907. (Laws of 1907, p. 265.) Section 1 of said act provides: "That every person who shall manufacture, sell or give away any cigarette containing any substance deleterious to health, including tobacco, shall be punished by a fine not exceeding one hundred dollars ($100), or by imprisonment in the county jail for a period not to exceed thirty (30) days." Section 2: "Every person under the age of eighteen (18) years and over the age of seven years, who shall smoke or use cigarettes, on any public road, street, alley or park or other lands used for public purposes, or in any public place of business or amusement, shall be guilty of a misdemeanor and punished for each offense by a fine of not more than ten dollars ($10)." And section 3: "That every person who shall furnish any cigarettes in any form to any such person, or who shall permit any such person to frequent the premises owned by him for the purpose of indulging in the use of cigarettes, in any form, shall be guilty of a misdemeanor and punished by a fine not exceed-

ing fifty dollars ($50) for the first offense, and not exceeding one hundred dollars ($100) for the second and every additional offense, or imprisonment in the county jail for a period not exceeding thirty (30) days for each offense."

The petition averred that section 1 of said act did not prohibit the sale of cigarettes made of pure tobacco, which was the quality of cigarettes handled by the relator, and if the act was so construed as to apply to cigarettes which contained pure tobacco only, that the act amounted to a *prohibition* of the sale of cigarettes while the title only expressed as its subject the *regulation* of the sale of cigarettes, which construction made the act in conflict with section 13 of article 4 of the constitution. The court overruled the demurrer to the petition, and the writ of *mandamus*, as prayed for, was directed to issue, and the respondents have prosecuted an appeal to this court.

Howard W. Hayes, and George W. Miller, (Edward J. Brundage, Corporation Counsel, of counsel,) for appellants:

Section 1 of the act regulating the manufacture, use and sale of cigarettes in the State of Illinois prohibits the sale of cigarettes containing deleterious substances as well as tobacco cigarettes. *People* v. *Rose,* 174 Ill. 310; *Hahn* v. *Gates,* 102 Ill. App. 385; *Steere* v. *Brownell,* 124 Ill. 27; *Austin* v. *Tennessee,* 179 U. S. 343; *Bobel* v. *People,* 173 Ill. 19; *Anderson* v. *Railroad Co.* 117 id. 26; *People* v. *Hinrichsen,* 161 id. 223; *Chicago* v. *Railroad Co.* 35 Ill. App. 206; *Railroad Co.* v. *I. C. C.* 162 U. S. 197.

Section 1 of the act is regulative and therefore valid, as it does not prohibit the manufacture, use and sale of all kinds of cigarettes. *State* v. *Judge of Circuit Court,* 1 L. R. A. 86; *Williams* v. *State,* 48 Ind. 306; *Harmon* v. *Chicago,* 140 Ill. 375; *People* v. *Rose,* 203 id. 58.

SEARS, MEAGHER & WHITNEY, and SCHUYLER, JAMIE-
SON & ETTELSON, (NATHANIEL C. SEARS, of counsel,) for
appellee:

Legislative enactments must be so read as to effectuate
the intent of the legislature and give force to the act as the
legislature intended it to operate, and to that end words will
be read out of their literal meaning, if necessary, or, if nec-
essary, ignored. 2 Lewis' Sutherland on Stat. Const. 662,
*et seq.; People* v. *Hoffman,* 97 Ill. 236; *Railway Co.* v.
*Binkert,* 106 id. 300; *Leisey* v. *Hardin,* 135 U. S. 118;
*Perry County* v. *Jefferson County,* 94 Ill. 220; *Hamilton*
v. *State,* 102 id. 370; *People* v. *Chicago,* 152 id. 551; *Peo-
ple* v. *Harrison,* 191 id. 266.

In determining the legislative intent, resort should be
had to the title of the act under consideration. *Cohn* v.
*People,* 149 Ill. 486; *Hogan* v. *Akin,* 181 id. 452; *State* v.
*Lowry,* 77 N. E. Rep. 733.

"Regulate" and "prohibit" have different meanings as
defined by the courts in construing statutes. The power to
regulate does not include power to prohibit, for the very
essence of regulation is the existence of something to be
regulated. An act which is entitled "An act to regulate,
etc.," does not express in its title the subject of prohibition,
and therefore any provision for prohibition embraced in an
act entitled "to regulate" would be void by force of sec-
tion 13 of article 4 of the State constitution. 24 Am. &
Eng. Ency. of Law, 243; *Miller* v. *Jones,* 80 Ala. 96; *In re
Hauck,* 38 N. W. Rep. 272; *State* v. *Lowry,* 77 N. E. Rep.
733; *State* v. *Young,* 47 Ind. 152; *Town* v. *Sainer,* 12
N. W. Rep. 753; *State* v. *Mott,* 61 Md. 308; *Mernaugh* v.
*City,* 27 So. Rep. 35; *Allardt* v. *People,* 197 Ill. 509.

The word "cigarette," as used in the title and in the
body of the act, means an article made of tobacco, and was
not intended to include imitations of cigarettes, such as are
made of candy, cubebs or other substances. Webster's Dict.;

*Carroll* v. *Ertheiler,* 1 Fed. Rep. 690; *Dustin* v. *Tennessee,* 179 U. S. 345; *Penniston* v. *Newman,* 45 S. E. Rep. 66; *Gundling* v. *Chicago,* 176 Ill. 344.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It is clear, we think, under a proper title the legislature has the right, under the exercise of its police power, to pass an act prohibiting the sale of cigarettes. It is, however, apparent that it has not the power to prohibit the sale of cigarettes under the title of an act which only provides for the regulation of the sale of cigarettes, and if it were clear that section 1 of said act was intended to absolutely prohibit the sale of cigarettes we should have no hesitation in holding that the act, in so far as it attempted to absolutely prohibit the sale of cigarettes, was broader than its title and the act was unconstitutional and void. We think, however, when the act is read as a whole it is apparent that it does not prohibit, absolutely, the sale of cigarettes, but only the sale of cigarettes which contain substances deleterious to health, and that it was not intended, by section 1 of the act, to absolutely prohibit the sale of cigarettes which contained only pure tobacco, and that section 1 of the act applies only to cigarettes which contain substances deleterious to health, which would include cigarettes made of tobacco which was deleterious to health by reason of being impregnated with drugs or otherwise. The relator averred in the petition that he desired a license to sell cigarettes which were manufactured only from pure tobacco, and the ordinance of the city of Chicago authorized a license to issue for the sale of cigarettes of that quality. We think, therefore, that the trial court did not err in awarding to the relator the writ of *mandamus.*

The judgment of the superior court will be affirmed.

*Judgment affirmed.*