## Lamberg v. Central Consumers Company.

(Decided May 16, 1919.)

Appeal from Jefferson Circuit Court
(Common Pleas No. 1).

1.  Master and Servant—Evidence—Instructions.—Where plaintiff testified that his injuries were caused either by his stepping into a hole in the floor upon which he was working, or by his ankle turning on account of his stepping into such hole, it was error to give a peremptory instruction against him upon the theory that the effect of such evidence was that his injuries were caused either from his ankle turning through no defect in the floor or because of such a defect.

2.  Master and Servant—Negligence—Instructions.—The trial court erred in holding as a matter of law that there was no evidence of negligence in requiring plaintiff and another over his protest and upon assurance of safety, to lift a heavy weight from a floor made of planks which had become worn and warped to such an extent as to form holes or depressions two inches deep in the floor, since whether such a floor was a reasonably safe place for such purpose is a question about which reasonable men might differ.

3.  Master and Servant—Contributory Negligence—Assumption of Risk.—The question of whether or not the accident occurred before or after the Workmen's Compensation Act became effective, being at issue, the court did not err in overruling demurrers to defendant's pleas of contributory negligence and assumed risk, since such defenses were available to it prior to the effective date of said act.

ISAAC SHERMAN for appellant.

KOHN, BINGHAM, SLOSS & SPINDLE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The appellant, who was plaintiff below, instituted this action to recover damages for personal injuries alleged to have resulted from the defendant's negligently requiring him, over his protest and upon assurances of safety to perform services without sufficient help and in a place not reasonably safe for the work.

Although other questions are argued, the vital one here is whether the court erred at the completion of plaintiff's testimony in sustaining defendant's motion for a directed verdict. Plaintiff was directed by his superior to assist him in raising from the floor one side

of the top of a beer cask, and placing thereunder an ordinary wooden "horse." He protested that the task required more than two men and that the floor where the work was to be done was not reasonably safe for the purpose, but upon assurance that there was no danger to him in their doing the work at the place and without assistance, he helped his superior to lift the load, in doing which he claims to have been injured.

He testified in substance that the cask top weighed in his judgment somewhere about eight hundred or a thousand pounds; that the floor where he was required to stand was made of planks which had become worn and warped until the floor was rough and uneven and some planks were as much as two inches below the level of others adjoining them; that in helping to lift the load he was caused by its weight to shift his feet to maintain his balance; that in so doing he could not see where he was stepping and injured his ankle to such an extent that his foot had to be amputated, either by stepping in one of the holes or depressions in the floor, "or my ankle turned on that account."

Counsel for defendant then asked him, "On what account? To which he replied: "On account of the rough floor there, stepping in the hole. I could not see what I was doing with the weight in my hands." Later in his cross-examination he was asked and answered: "Q. Now, Mr. Lemberg, did you injure your foot because your ankle turned or because you stepped in the hole or because this board sagged with you? A. I could not say exactly which one it was. It was either one or the other, as I stated there."

Upon the theory that plaintiff's testimony was in effect that his injury resulted, either from his ankle having turned "through no defect in the floor," or because of such a defect, the court gave the peremptory instruction for the defendant under the thoroughly established rule that where the evidence is equally consistent with the existence or non-existence of negligence, such an instruction is proper. We are, however, of the opinion the court was in error in the effect given to plaintiff's testimony as to the cause of his injury, as we do not think it is susceptible of the construction that the injury was caused by his ankle having turned "through no defect in the floor" or because of such a defect. He stated

rather when attempting to explain just what caused his injury, that it was caused by his stepping in one of the holes or his ankle turned "on account of the rough floor there, stepping in the hole." This clearly means that his injury resulted either directly from stepping in a depression in the floor, such as he had described, or else from his ankle turning as a result of having stepped in such a depression, and does not permit of the construction placed upon it by the court, that his ankle may have turned "through no defect in the floor." And this is true notwithstanding his later statement quoted above that he did not know exactly what caused his injury; but that "it was either one or the other (of the three ways stated by counsel) as I stated there," since he had only stated that if his injury resulted from his ankle turning, his ankle was caused to turn by the depressions in the floor, and he nowhere stated that his ankle might have turned "through no defect in the floor."

It is therefore apparent that the ground upon which the court rested the peremptory instruction is untenable; but we must still determine whether or not the evidence for plaintiff is sufficient to show the place was not reasonably safe for the work plaintiff was required to do there, since unless so no negligence was proven and the instruction was authorized.

Whether or not a place is reasonably safe necessarily depends of course upon the character of the work that is to be performed, since manifestly a floor might be reasonably safe as an ordinary walkway or driveway that would be quite unsafe for many other purposes; hence here the floor must be considered solely with reference to the character of the work plaintiff was required to perform thereon, and we are unwilling to hold as a matter of law that such a floor as plaintiff described was a reasonably safe place upon which to attempt to lift a heavy weight with only one assistant, as under such circumstances reasonable men might differ as to whether or not in the exercise of ordinary care there must have been contemplated a possible necessary shifting of the feet in lifting so heavy a weight and a resultant danger therefrom.

Therefore we conclude there was sufficient evidence to carry the case to the jury on the question of defendant's negligence in failing to furnish a reasonably safe place for the plaintiff to perform the work required of

him, as there was also upon the question of whether or not his injuries proximately resulted therefrom, hence the court erred in directing a verdict for the defendant.

2. We are precluded from considering plaintiff's evidence under the pleaded defenses of contributory negligence and assumed risk, since these defenses were not available to defendant if, as pleaded by plaintiff, the accident occurred after the Workmen's Compensation Law became effective, because defendant admits it had not at the time accepted the provisions of that law. However, these defenses were available to the defendant if, as pleaded by it, the accident occurred before and not after that law went into effect, since it is only under its provisions that such defenses are denied defendant; hence the court did not err in overruling plaintiff's demurrers to and motions to strike the third and fourth paragraphs of defendant's answer pleading such defenses.

For the reasons indicated the judgment is reversed and the cause remanded for a new trial consistent herewith.