## Botes v. City of Franklin.

(Decided May 23, 1924.)

### Appeal from Simpson Circuit Court.

1. Appeal and Error—Brief Not Conforming to Rule Should be Stricken.—A brief not conforming to rule 3 of court should be stricken.

2. Licenses—Municipal Corporations—City of Fourth Class May License or Prohibit Poolrooms.—A city of fourth class, part of whose charter is found in Kentucky Statutes, section 3490, may impose a license tax upon, or prohibit, poolrooms.

3. Licenses—Persons Commencing Business in Latter Part of Year Must Pay Full Amount.—Where ordinance authorizing levy of fixed amount as annual business license makes no provision for a pro rata license, person commencing business in latter part of year must pay full amount.

C. B. MOORE and MOORE & MOORE for appellant.

JOHN S. MILLIKEN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

In 1920 the city of Franklin passed a license ordinance by which it provided among other things that each pool or billiard room should pay a license of $500.00 for the first table, and $25.00 each for additional tables per year. The same ordinance contained the following provision:

"Section IV. All licenses mentioned in the above list shall expire on the first of the year following the issuance of same, and no license shall be granted for a part of a year unless as stated herein under the six months item, and no license shall be transferred without the consent of the majority of the council, and no license shall be issued until the entire license tax shall have been paid. A fee shall be paid for the transferring of any license to the city clerk."

On the 19th of October, 1920, appellant Gus Botes applied for and was granted a license to operate a poolroom with five tables in the city from that date until the first Monday in January, 1921. He was required to and did pay the full license fee of $500.00 for the first table, and $25.00 each for the four additional tables, or a total of $600.00. This suit was instituted in the Simpson circuit court on the 30th of June, 1922, by appellant Botes

against the city of Franklin and its officers to recover the $600.00 paid as aforesaid for the license, together with cost and all proper relief. To the petition was attached, as exhibits, copies of the ordinance fixing the license tax and also a copy of the license issued to appellant by the city on October 19, 1920. The city filed a general demurrer to the petition, which was sustained. On Botes' failure to plead further his petition was dismissed, and he appeals.

It is appellant's contention that the city of Franklin has no right to refuse to grant a license to operate a poolroom within its limits, and therefore had no right to fix the license fee at an unreasonable or prohibitive sum, thus doing by indirection what it could not do directly. In brief of counsel for appellant it is said "the power to restrain and prohibit necessarily follows the power to license. The city has the right to prohibit and restrain the right to operate poolrooms, without a license so to do, and no further. The power to restrain and prohibit is necessary in order to enforce the ordinance requiring a license on certain occupations. . . . But the sum fixed is so great it becomes unreasonable, oppressive and prohibitory, the purpose of which was apparently in an indirect way to do what it feared to do in a direct way, that is, deprive persons of the right to pursue a lawful occupation by placing upon it a prohibitory tax, instead of refusing to grant a license."

The same brief says that the ordinance does not authorize the issuing of a "license for two and one-half months and charging therefor the tax imposed for the entire year, in this case six hundred dollars ($600,00) for about two and one-half months. Such an act cannot be justified in law, equity or good conscience." Quite a number of authorities are cited, but the brief does not conform to rule 3 of the court and should be stricken.

In the very recent case of Arms v. Town of Vine Grove, 203 Ky. 213, we held that the city, one of the sixth class, had the right to prohibit the operation of poolrooms in the city, or to fix such license tax as would prohibit such occupation because nonuseful. The keeping of a poolroom has a harmful tendency, especially in small towns and communities. It encourages idleness, induces persons to spend more time at the game than is good for them either morally or physically. Such occupations may be prohibited altogether in the discretion of the legislative body of the city.

Franklin is a city of the fourth class, and part of its charter is found in section 3490, Kentucky Statutes. Such a city may impose a license tax, or prohibit. One of the most *enlightening* opinions on the subject of the right of a city to impose a license tax upon such occupations as operating a poolroom is Murphy v. The People of the State of California, 225 U. S. 623. This case is considered in Arms v. Town of Vine Grove, *supra,* in which latter opinion other cases are cited.

When appellant Botes applied for a license in October, 1920, he knew that the city clerk had authority to issue a license for a term not beyond the first Monday in the following January. The ordinance so provided. With this knowledge he took out the license and paid the $600.00. The general rule upon this subject is stated as follows: If a statute authorizing the levy of a fixed amount as an annual business license makes no provision for a *pro rata* license, a person commencing business in the latter part of the year must pay the full amount of the license required to be assessed. 25 Cyc. 627.

The license ordinance not only did not provide for a *pro rata* license but expressly provided for the payment of the full amount required for the entire year before a license for a term less than one year could be issued. It therefore follows that appellant Botes was not entitled to a *pro tanto* recovery of the license tax paid by him. His petition did not state facts sufficient to constitute a cause of action against the city of Franklin or its officials, and the trial court properly sustained the general demurrer thereto.

Judgment affirmed.