## Commonwealth for Use and Benefit of City of Wilmore v. McCray.

(Decided June 23, 1933.)

BAILEY P. WOOTTON, Attorney General, and W. J. BAXTER, Commonwealth Attorney, and R. J. DENNY for appellant.

JOHN S. DEERING for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing and certifying the law.

Wilmore, a town of the fifth class, enacted a license tax ordinance, by subsection 39 of which it was provided that each person, firm, or corporation engaged in selling cigarettes, or who at any time offers same for sale, shall pay an annual license tax of $100. This ordinance was enacted under the authority conferred upon cities of the fifth class by section 3637-7 of Carroll's Kentucky Statutes. A warrant was issued against the appellee, who is engaged in the business of selling cigarettes, charging him with a violation of the ordinance, in that he failed to procure a license as provided therein. After being tried and fined in the police court, he appealed to the circuit court, and his demurrer to the warrant was sustained by the circuit judge on the ground that the ordinance under which the warrant was issued was void because same was unreasonable and prohibitive. From the judgment dismissing the warrant, this appeal is prosecuted for a certification of the law.

It is agreed that the appellee cannot profit by the sale of cigarettes if the ordinance is held to be valid and he is compelled to pay the annual license fee of $100 necessary to his right to engage in that occupation. The sole question presented on this appeal is whether the town of Wilmore can impose a license fee on the sale of cigarettes so large as to amount in effect to a prohibition of that business.

Generally, it may be said that the reasonableness of a license fee imposed as a tax is a question for the taxing power, and the courts will not interfere with its discretion, unless the tax amounts to a prohibition of a legitimate business. Fiscal Court of Owen County v. F. & A. Fox Company, 132 Ky. 738, 117 S. W. 296, 21 L. R. A. (N. S.) 83; City of Louisville v. Pooley, 136

Ky. 286, 124 S. W. 315; 25 L. R. A. (N. S.) 582; Sperry & Hutchinson Company v. Owensboro, 151 Ky. 389, 151 S. W. 932, Ann. Cas. 1915A, 373; Tandy & Farleigh Tobacco Company v. City of Hopkinsville, 174 Ky. 189, 192 S. W. 46; Sallsbury v. Equitable Purchasing Company, 177 Ky. 348, 197 S. W. 813, L. R. A. 1918A, 1114. Under this rule the amount of tax which may be imposed upon the right to engage in an ordinary, useful, and harmless business must be reasonable, and the authority of a municipal corporation to impose shall not amount to a prohibition of such business or occupation. However, the rule has no application to a business or occupation which is injurious or offensive to the public. As such an occupation may be prohibited altogether or be allowed on such terms as the lawmaking body sees fit to impose, it follows as a natural sequence that the limitations imposed on the authority to tax a business not harmful to the public do not apply. Thus, having the power to prohibit altogether a business of the former class, such a prohibition may be accomplished indirectly under the police power by imposing a license fee so high as to prohibit its being carried on except at a financial loss; thus taxing it out of existence. Bradford v. Jones, 142 Ky. 820, 135 S. W. 290, 291; Arms v. Town of Vine Grove, 203 Ky. 213, 262 S. W. 11, and cases cited therein. Also see Cooley on Taxation, vol. 4, secs. 1796 and 1798; and 37 C. J. sec. 42, p. 192.

The question to be determined is thus narrowed down to whether or not the sale of cigarettes comes within that class which allows the exaction of a license fee imposed under the police power so large as to amount to a prohibitoin of the business. In brief, it may be said that a police regulation presupposes a condition which, unless restricted, guarded, and controlled, will operate to the public disadvantage. The courts have held without exception that the state in the exercise of the police power may license, tax, and regulate the sale of cigarettes, and may go so far as to prohibit their sale altogether. In Gundling v. Chicago, 176 Ill. 340, 52 N. E. 44, 48 L. R. A. 230, it was held that an ordinance regulating the sale of tobacco in one of its forms, that is, cigarettes, was a health and welfare measure within the exercise of the police power. This case was affirmed by the Supreme Court in 177 U. S. 183, 20 S. Ct. 633, 44 L. Ed. 725.

In State v. Nossman, 107 Kan. 715, 193 P. 347, 348, 20 A. L. R. 921, the court said:

"For a number of years there has been a well-settled opinion that the use of cigarettes especially by persons of immature years was harmful, and the courts have recognized that they were deleterious in their effects. Their sale and use have been regulated and prohibited by legislative bodies, and these measures have been upheld as a proper exercise of the police power."

In Austin v. State, 101 Tenn. 563, 48 S. W. 305, 50 L. R. A. 478, 70 Am. St. Rep. 703, the court held that it was competent for the Legislature under the police power to determine that the use of cigarettes is harmful and to prohibit their sale. The Supreme Court of the United States, in affirming the judgment of the Supreme Court of Tennessee, said:

"Cigarettes do not seem until recently to have attracted the attention of the public as more injurious than other forms of tobacco; nor are we now prepared to take judicial notice of any special injury resulting from their use or to indorse the opinion of the supreme court of Tennessee that 'they are inherently bad and bad only.' At the same time we should be shutting our eyes to what is constantly passing before them were we to affect an ignorance of the fact that a belief in their deleterious effects, particularly upon young people, has become very general, and that communications are constantly finding their way into the public press denouncing their use as fraught with great danger to the youth of both sexes. Without undertaking to affirm or deny their evil effects, we think it within the province of the legislature to say how far they may be sold, or to prohibit their sale entirely, after they have been taken from the original packages or have left the hands of the importer, provided no discrimination be used as against such as are imported from other states, and there be no reason to doubt that the act in question is designed for the protection of the public health."

Austin v. Tennessee, 179 U. S. 343, 21 S. Ct. 132, 134, 45 L. Ed. 224.

Other cases to the effect that the police power of a

municipality or state extends to the regulation or prohibition of the sale of cigarettes are:   Cook v. Marshall County, 196 U. S. 261, 25 S. Ct. 233, 49 L. Ed. 471; Hodge v. Muscatine County, 196 U. S. 276, 25 S. Ct. 237, 49 L. Ed. 477; State v. Packer Corporation, 77 Utah, 500, 297 P. 1013; People v. Busse, 231 Ill. 251, 83 N. E. 175; McGregor v. Cone, 104 Iowa, 465, 73 N. W. 1041, 39 L. R. A. 484, 65 Am. St. Rep. 522; Alperson v. Whalen, 74 Neb. 680, 105 N. W. 474 and cases therein cited.

The fact that the payment of the tax will result in an increase in revenue to the city out of proportion to the cost of regulation does not indicate that the ordinance was passed as a revenue measure nor destroy its character as a regulatory act passed in the exercise of the police power, where the object seems to be to control, restrict, or prohibit the sale of cigarettes rather than encourage the trade.   15 R. C. L. 288; 26 R. C. L. 17.

"In order to sustain legislation under the police power the courts must be able to see that its operation tends in some degree to prevent some offense or evil, or to preserve public health, morals, safety and welfare; and if a statute discloses no such purpose and has no real or substantial relation to these objects, or is a palpable invasion of rights secured by the fundamental law, it is the duty of the courts so to adjudge, and thereby give effect to the constitution.   Only in cases, however, where the legislature exceeds its powers, will the courts interfere or set up their judgment against that of the legislature.   Where an act has a real and substantial relation to the police power, then no matter how unreasonable nor how unwise the measure itself may be, it is not for the judicial tribunals to avoid or vacate it upon constitutional grounds; nor will the courts assume to determine whether the measures are wise, or the best that might have been adopted."   6 R. C. L. 242.

The legislative body of a city may, under the police power, enact laws to promote the health, morals, security, and welfare of the citizens, and a large discretion is vested in it to determine for itself what is harmful to health and morals or is inimical to public welfare.   The wisdom or expediency of such legislation cannot be subjected to judicial review.

It is apparent that the legislative body of the town of Wilmore believed that the sale of cigarettes was an evil inimical to the public welfare and which required regulation and restriction. We must conclude that the ordinance in question was enacted within the lawful exercise of delegated legislative power in the interest of public health and welfare, in that the sale of cigarettes was deemed to be injurious to the public, and that such a sale was thus restricted in the circuitous manner of burdensome license tax. There is no deprivation of due process of law nor a denial of the equal protection of the law.

Wherefore the judgment of the circuit court is reversed, and the foregoing is certified as the law.