## Water Well Drillers' Licenses

HARRINGTON ADAMS, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, October 10, 1957.—We have received your request of September 16, 1957, for an opinion with regard to the legality of prorating license fees charged applicants for water well drillers' licenses who apply late in the fee year.

The licensing of water well drillers is provided for by the Act of May 29, 1956, P. L. 1840, 32 PS §645.1 et seq., known as the Water Well Drillers License Act. The act provides in section 4, 32 PS §645.4, that:

"(a) After the effective date of this act, no person shall drill a water well within the Commonwealth, unless he has first secured from the department a license issued in such form and subject to such reasonable rules and regulations as the department shall prescribe . . ."

Section 6(b), 32 PS §645.6, provides for an annual license fee of $8, and section 7, 32 PS §645.7, provides that every license issued under the provisions of the act shall expire on the last day of May next following the date of issue of such license or permit.

You inquire about elimination of the inequity of requiring the payment of a license fee by someone who applies late in the license year, as in early May, who would be asked to pay an additional fee on June 1st. The regulation proposed for adoption is as follows:

"The basic fee is $3.00 for a license, plus $5.00 for each water well rig operated during the license period from 1 June to 31 May. The fee for licenses and rigs permits issued on or after 1 December will be $1.50 for the license and $2.50 for a rig, minimum fee of $4.00 for both during the remainder of the license period."

You ask whether such proposal is legal, and you state the prorating of the license fees will not adversely affect the administration and enforcement of the act.

In addition to the provisions quoted from section 4 above, section 12 of said act, 32 PS §645.12, provides:

"The department is hereby authorized, empowered and directed to effectuate the provisions of this act and to adopt, amend and rescind such reasonable rules and regulations as may be necessary to accomplish the purposes of this act."

Section 13 of the act, 32 PS §645.13, reads:

"All fees payable under this act and all other moneys received in connection with the administration thereof,

together with all fines and penalties collected under the provisions of this act for violation of the same and all bail forfeited, shall be paid into the State Treasury, and shall be credited to the general appropriation of the Department of Internal Affairs for the purpose of administration of this act. The expenditure of these funds for the administration and enforcement of this act is hereby authorized and, for these purposes, such funds are hereby appropriated."

There is no provision in the act relative to prorating the fee.

In 37 C. J., Licenses, sec. 116, and 53 C. J. S., Licenses, sec. 48, it is stated:

". . . In the absence of a provision for a pro rata license, a person taking out a license must pay the full amount prescribed *even though he takes out his license after the beginning of the license year* or discontinues his business before the expiration of such year. . . ." (Cases cited to the text) (Italics supplied).

The following is a representative holding in other jurisdictions: Botes v. City of Franklin, 203 Ky. 357, 262 S. W. 282, 283 (1924), provides:

"When appellant Botes applied for a license in October, 1920, he knew that the city clerk had authority to issue a license for a term not beyond the first Monday in the following January. The ordinance so provided. With this knowledge he took out the license and paid the $600. The general rule upon this subject is stated as follows: If a statute authorizing the levy of a fixed amount as an annual business license makes no provision for a *pro rata* license, a person commencing business in the latter part of the year must pay the full amount of the license required to be assessed. 25 Cyc. 627.

"The license ordinance not only did not provide for a *pro rata* license but expressly provided for the pay-

ment of the full amount required for the entire year before a license for a term less than one year could be issued. It therefore follows that appellant Botes was not entitled to a *pro tanto* recovery of the license tax paid by him. . . ."

It is to be noted that where it saw fit to do so, the General Assembly has provided for the prorating of a license fee. See the Private Trade School Law of May 2, 1945, P. L. 401, 24 PS §1725.1, et seq.

In the case of Commonwealth v. McCarthy, 332 Pa. 465, 3 A. 2d 267 (1938), the Supreme Court of Pennsylvania held that a license tax may not be apportioned, in the absence of a legislative direction, in favor of places which discontinue business during part of the year.

Accordingly, in the absence of legislative direction, we are of the opinion and you are accordingly advised that you do not have the legal authority to prorate the license fee prescribed by the Water Well Drillers License Act and that the full fee must be collected.