**Charles WALTERS, d/b/a Chuck's Pool Room, Appellant,**

v.

**William BINDNER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 22, 1968.

Charles C. McConnell, Louisville, for appellant.

Eugene H. Alvey, Chester A. Vittitow, Jr., Richard C. Oldham, Louisville, for appellees.

WADDILL, Commissioner.

Appellant, Chuck Walters, owned and operated a poolroom in the City of Louisville. On Sunday, May 29, 1966, Walters opened his poolroom for business and was cited by police for violation of KRS 436.160(5), which provides:

> "Any person licensed to keep, or any person controlling, a billiard, pigeon-hole or pool table who permits any game to be played on it on Sunday shall be fined not less than twenty-five dollars nor more than sixty dollars, and forfeit his billiard, pigeon-hole or pool table license if he holds such a license."

Appellant then filed for a declaration of rights in the Jefferson Circuit Court in which he questioned the constitutionality of KRS 436.160(5). The circuit court adjudged the statute to be constitutional and from this judgment Walters appeals. The sole question to be determined by this appeal is the constitutionality of subsection (5) of KRS 436.160.

Appellant's attack is based upon the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States; Section 1 of the Constitu-

tion of the Commonwealth of Kentucky, which in essence provides for equal protection of the laws, and that portion of Section 59 of the Constitution of the Commonwealth of Kentucky which provides: "In all other cases where a general law can be made applicable, no special law shall be enacted."

Subsection (1) of KRS 436.160 sets forth what is known as a general Sunday Closing Law, the constitutionality of which was upheld by this court in Arlan's Department Store of Louisville v. Commonwealth, Ky., 369 S.W.2d 9; Commonwealth v. Arlan's Department Store of Louisville, Ky., 357 S.W.2d 708 and in effect, by the United States Supreme Court in Arlan's Department Store of Louisville v. Kentucky, 371 U.S. 218, 83 S.Ct. 277, 9 L.Ed.2d 264. Subsection (3) of KRS 436.160 enumerates specific exemptions to the general law, among which are amateur sports and athletic games. But subsection (5) expressly prohibits the operation of licensed poolrooms on Sunday.

 It is appellant's contention that, by singling out the operation of a poolroom on Sunday, the legislature created a classification which amounts to special legislation prohibited by the Kentucky Constitution. Appellant also contends that such a classification denies him equal protection of the laws. The arguments advanced under either of these two theories are essentially the same. The Equal Protection Clause of the Fourteenth Amendment requires "* * * that in defining a class subject to legislation, the distinctions that are drawn have 'some relevance to the purpose for which the classification is made.' " Rinaldi v. Yeager, 384 U.S. 305, 309, 86 S. Ct. 1497, 1499–1500, 16 L.Ed.2d 577 (1966). Section 59 of the Kentucky Constitution requires that "* * * there must be a substantial reason why a particular law is made to operate upon a class of citizens and not generally upon all." Dawson v. Hamilton, Ky., 314 S.W.2d 532 (1968). The purpose of both provisions is to provide equality under the law.

Appellant concedes that the Legislature has the power to classify. What is questioned is whether the Legislature has gone beyond its constitutional limitations by singling out the game of pool as a separate class for legislation. Appellant urges there is nothing different about the game of pool which would require legislation which applies only to the playing of pool, billiards and pigeon-hole and not to the playing of other games such as bowling, miniature golf or snooker.

In support of his contention appellant points to Schoo v. Rose, Ky., 270 S.W.2d 940 (1954), where we observed as follows concerning the law governing special legislation:

"It is generally established in this and other jurisdictions * * * that in order for a law to be general in its constitutional sense it must meet the following requirements: (1) It must apply equally to all in a class, and (2) there must be distinctive and natural reasons inducing and supporting the classification. (Citing authority).

"The second requirement is as essential as the first. The Legislature cannot take what may be termed a natural class of persons, split that class in two and then arbitrarily designate the dissevered factions of the original unit as two classes and thereupon enact different rules for the government of each. It is equally well established that the classification must be based upon some reasonable and substantial difference in kind, situation or circumstance which bears a proper relation to the purpose of the statute. (Citing authority). In applying this test it is necessary to determine whether the Act should be regarded as a revenue measure or as an exercise of the state's inherent police power tending to ward the accomplishment or promotion of the public health, peace, good order or morals.

"* * *. In order to sustain a legislative enactment as an exercise of the po-

lice power it is necessary that the Act should have some reasonable relation to such objects as public safety, health, peace, good order or morals. Moreover, the law must tend toward the accomplishment or promotion of the numerated objects in a degree that is perceptible and clear. * * *."

■ The usual test applied to determine whether a particular law is general or special is: "Does it embrace all of the class to which it relates?" Shaw v. Fox, 246 Ky. 342, 55 S.W.2d 11 (1932). It is not denied that the subsection in question relates to pool playing on Sunday in licensed premises. However, it is argued that pool playing is not the real class but an artificial one created by the Legislature; that pool playing, of itself, does not form a proper and legitimate class because there is nothing distinctive about pool playing which would single it out from other games.

Hence, it is argued that subsection (5) of KRS 436.160 is arbitrary and unreasonable because it obviously does not operate generally and uniformly upon all similarly situated, for other games and sports may be engaged in on Sundays that are substantially similar to pool. Allison v. Borders, 299 Ky. 806, 187 S.W.2d 728 (1945); McCown v. Gose, 244 Ky. 402, 51 S.W.2d 251 (1932).

In Arms v. Town of Vine Grove, 203 Ky. 213, 262 S.W. 11, we held that a city had the right to prohibit the operation of poolrooms within its corporate limits. The same result was again reached in Botes v. City of Franklin, 203 Ky. 357, 262 S.W. 282, wherein it was pointed out that the keeping of a poolroom has a harmful tendency, especially in small towns and communities, to encourage idleness, gambling and things that are pernicious. In both cases we approved the city's use of police power to protect the public morals and the general welfare of its citizens.

■ While the playing of pool is a lawful and entertaining amusement it may, nevertheless, be prohibited or regulated by legislative enactment. The fact that appellant's evidence shows that he is operating his poolroom in an orderly manner does not save him from being regulated because regulatory measures need not be postponed until the alleged evils that are associated with a licensed poolroom become flagrant. Murphy v. People of State of California, 225 U.S. 623, 32 S.Ct. 697, 56 L.Ed. 1229. Moreover, as we view it, the subsection in question is not aimed at the game but at the place where the game is conducted.

■ Although we may have serious doubt that the questioned subsection is presently beneficial, historically it has been considered so. Our Legislature has a broad discretion to determine for itself what is harmful to health and morals or what is inimical to public welfare and we will try to refrain from usurping its prerogative.

■ It is the rule that all presumptions and intendments are in favor of the constitutionality of statutes and, even in cases of reasonable doubt of their constitutionality, they should be upheld and the doubt resolved in favor of the voice of the people as expressed through their legislative department of government. The wisdom or expediency of such legislation cannot be subjected to judicial review. Commonwealth for Use and Benefit of City of Wilmore v. McCray, 250 Ky. 182, 61 S. W.2d 1043; State of Ohio ex rel. Clarke v. Deckebach, 274 U.S. 392, 47 S.Ct. 630, 71 L.Ed. 1115.

■ We conclude that KRS 436.160(5) is constitutionally acceptable and is, therefore, valid.

The judgment is affirmed.

All concur.